Barbara SHERARD, Individually and
as Representative of Mark A.
Henson, Deceased, Appellant,

v.

Carl SMITH, Appellee.

No. 13-88-058-CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 19, 1989.

Stephen Burkett, Burkett & Associates, Inc., Corpus Christi, for appellant.

Frank E. Weathered, Law Office of David J. Dunn, Corpus Christi, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant brought suit for wrongful death based on a motor vehicle collision which occurred on July 2, 1984. Appellee had hired Rene Hinojosa to haul grain from his farm to the elevator. Hinojosa's truck was loaded with 14 or 15 tons of grain when he stopped it on South Padre Island Drive to retrieve a shovel that had fallen from the truck. Appellant's son drove his vehicle into the rear of the truck and was killed.

Appellant pleaded that appellee was negligent and that appellee is vicariously liable for Hinojosa's negligence, alleging that Hinojosa was appellee's agent, servant, or employee. The trial court granted appellee's motion for summary judgment. We affirm the trial court's judgment.

Four points of error are presented. Point one is a global point stating simply that it was error to grant the summary judgment. This point is sufficient to allow appellant to argue all grounds of error she expressly raised in the trial court. *Cove Investments, Inc. v. Manges,* 602 S.W.2d 512, 517 (Tex.1980). Points two and three claim that appellee failed to establish his case as a matter of law and that the evidence raised a fact issue as to Hinojosa's status as an independent contractor and that a fact issue was created as to the employment status of Hinojosa. The fourth point claims appellee is vicariously liable for Hinojosa's negligence as a matter of law.

The summary judgment evidence shows that appellee, Carl Smith, has been a farmer since 1955. He raises grain in Nueces County, Texas. Smith, a relatively small volume farmer, customarily hires someone to haul his grain from the farm where it is raised to the grain elevator where it is stored and sold. Appellee had used the same haulers for a number of years, but in 1984, for the first time, he hired Hinojosa to do his hauling. Prior to the wreck made the basis of this suit, Hinojosa had been hauling for Smith about one week.

Appellee's motion for summary judgment contends that the summary judgment evidence establishes as a matter of law that

1. Hinojosa was an independent contractor and not the agent, servant or employee of appellee;

2. there was no evidence of breach of duty of care by appellee in connection with the occurrence made the basis of this suit;

3. there was no evidence of negligence on part of appellee; and

4. there was no evidence that any action or lack thereof on the part of appellee was a proximate cause of this collision.

Appellant's response to the motion for summary judgment alleges in general that material fact issues preclude summary judgment. The response also specifically alleges the agency and employee theory, the negligent hiring of Hinojosa and the failure of appellee to exercise reasonable care on his part in controlling a portion of the hauling. In addition, the response af-

firmatively alleges that appellee was negligent in employing Hinojosa because he did not possess the required permit and/or license. The response is supported by depositions of appellee and Rene Hinojosa, interrogatories, and two affidavits, the contents of which will be discussed hereafter.

After considering the summary judgment evidence submitted by both parties, the trial court judge granted appellee's motion.

A party seeking a summary judgment has the burden of showing as a matter of law that there is no material issue of fact and that it is entitled to judgment as a matter of law. *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex. 1983). Evidence favorable to the non-movant must be taken as true and every reasonable inference must be indulged in favor of the non-movant; any doubts must be resolved in favor of the non-movant. *Goswami,* 751 S.W.2d at 491; *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

■ In his first reply point, appellee argues that appellant has abandoned her claim for negligent hiring and supervision because the question was not briefed and thus is waived. Appellee cites as authority for this proposition the case of *Cleaver v. Dresser Industries,* 570 S.W.2d 479, 482 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r. e.). We have examined appellant's brief and find that, while her first point of error is broad enough to raise the claim of negligent hiring, she argues only that appellee is vicariously liable for Hinojosa's negligence by virtue of an employer/employee or agency relationship or as a matter of law.

■ In light of the authorities cited and the arguments raised by appellee in his first reply point we will only address the matters briefed by appellant. Where there is no dispute as to the controlling facts and only one reasonable conclusion can be inferred, the question of whether one is an "employee" or "independent contractor" is a question of law. *Industrial Indemnity*

*Exchange v. Southard,* 138 Tex. 531, 160 S.W.2d 905, 906 (1942). To constitute the relationship of employer and employee, the employer must have the right to select, control, and, for misconduct, discharge the employee. 33 Tex.Jur.3rd *Employer and Employee* § 2 (1984). An independent contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all details. *Industrial Indemnity Exchange,* 160 S.W.2d at 907. Recognized tests to determine when one is acting in the capacity of independent contractor are:

1. the independent nature of the business;

2. the obligation to furnish necessary tools, supplies and material to perform the job;

3. the right to control the progress of the work except the final result;

4. the length of time of the employment; and

5. the method of payment—whether by the time or by the job.

*Pitchfork Land & Cattle Co. v. King,* 162 Tex. 331, 346 S.W.2d 598, 603 (1961); *Home Interiors & Gifts, Inc. v. Veliz,* 695 S.W.2d 35, 41 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). It has also been stated that the independent nature of the agreement of employment may be inferred from two circumstances (1) that the party is engaged in a distinct and generally recognized employment; and (2) that his stipulated remuneration is to be determined by some quantitative standard. *Pitchfork Land & Cattle Co.,* 346 S.W.2d at 604.

The distinction between an independent contractor and an agent or employee is not always easy to determine, and there is no uniform criterion by which they may be differentiated. *Bullock v. W & W Vending and Food Service of Texas, Inc.,* 611 S.W.2d 713 (Tex.Civ.App.—Tyler 1981, no writ). Nevertheless, it has often been stated that the test for determining whether a master-servant or independent contractor relationship exists is whether the employer has the "right to control" the details of the

work. *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 589 (Tex.1964); *Home Interiors & Gifts, Inc. v. Veliz,* 695 S.W.2d 35, 40 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.)

Appellant argues in her first three points of error that there was a fact issue as to whether Hinojosa was an employee of Smith or an independent contractor.

There are no conflicts or disputes in the summary judgment evidence submitted by the parties.

■ Appellee hired Hinojosa to haul his grain from the field to the Corpus Christi Grain Elevator. He agreed to pay him a specific price for each hundred weight of grain hauled. He withheld no monies for any form of taxes nor did he provide any medical or other benefits. He provided no fuel for Hinojosa's truck. The only benefit Hinojosa was to receive for his services was the cash payment based on the amount of grain he delivered to the elevator. While appellee looked at Hinojosa's truck and inquired as to liability insurance coverage at the time of hiring, Hinojosa was responsible for maintenance of the truck and for furnishing any tools or helpers necessary to achieve the task of delivering the grain. The evidence clearly shows that the relationship between appellee and Hinojosa was that of independent contractor-owner rather than employee-employer.

■ Appellant seeks to create a fact issue in the employment relationship through the affidavit of A.H. Vaughn, Sr., which was attached to her reply to the motion for summary judgment. Mr. Vaughn's affidavit shows that he has been in the trucking and hauling business for twenty-five years and has hauled grain for farmers in Nueces County, Texas. He states that his experience is that a farmer, such as Mr. Smith, does have the right to direct and control the details of the grain haulers' work. He lists numerous examples of details which the farmer has a right to control. He concludes his affidavit by stating that the delivery of the grain to the storage facility is ultimately under the farmer's supervision and control.

This affidavit is not sufficient to create a fact issue in this case. It is wholly conclu-

sory in nature and sets out no specific facts relative to the agreement between appellee and Hinojosa, and, thus has no probative value in this case. *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605, 610 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Legal conclusions in affidavits are insufficient to raise fact issues in response to motions for summary judgments. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *Swiderski v. Prudential Property & Casualty Insurance Co.,* 672 S.W.2d 264, 268 (Tex.App.—Corpus Christi 1984, writ dism'd). Points of error one through three are overruled.

■ In her fourth point of error, appellant contends that Smith is vicariously liable, as a matter of law, for Hinojosa's negligence. She bases this contention on the theory that Hinojosa leased his truck to Smith for a commercial purpose in a commercial setting. Appellee contends that this point has been waived because appellant did not present this theory to the trial court. In fact, there is no evidence in the record that Smith leased the truck. The only evidence is that Smith hired Hinojosa to haul grain. Hinojosa was using his own truck. Appellant cites no case stating that such an agreement creates a lease of the truck, and we presume there are no such cases. Point of error four is overruled.

The judgment of the trial court is affirmed.