Hughes v. Gaddy 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-199-CV





LUTHER HUGHES,



 
 APPELLANT


vs.





GEORGETOWN MEDICAL CENTER, P.A., HOWELL R. GADDY, M.D.,


AND DAVID NICHOLS, M.D.,



 APPELLEES



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT 



NO. 90-506-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING


 




 Luther Hughes appeals from the summary judgment rendered against him in the
medical malpractice action he brought against Dr. Howell Gaddy, Dr. David Nichols, and
Georgetown Medical Center, P.A. (collectively, "defendants"). In three points of error, Hughes
complains that the trial court erred in granting summary judgment in defendants' favor. We will
reverse the judgment of the trial court and remand the cause.

 Only a brief summary of the factual background is needed. Hughes was injured
when his pickup truck rolled over him in 1988. Gaddy is a family care physician who treated
Hughes in the emergency room on the day of the accident and provided follow-up care. Gaddy
is also a partner in Georgetown Medical Center, P.A. Nichols is a radiologist who reviewed
Hughes's x-rays on the day of his accident. Based on affidavits from Gaddy and Nichols, the trial
court granted summary judgment for all defendants.

 In his first two points of error, Hughes complains that the trial court erred in
granting summary judgment for Gaddy and Nichols.

 The standards for reviewing a summary judgment are well established:


1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of
law.


2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


3. Every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor.


Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 The function of summary judgment is not to deprive a litigant of its right to a full
hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and
untenable defenses. Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). Its purpose is not
to provide a trial by deposition or affidavit, but to provide a method of summarily terminating a
case when it clearly appears that only questions of law are involved and no genuine issues of
material fact remain. Gaines v. Hamman, 358 S.W.2d 557, 563 (Tex. 1962).

 In order for a defendant/movant to be entitled to summary judgment, he must
conclusively establish that there is no genuine issue of fact as to at least one essential element of
the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). If the movant's proof conclusively negates an essential element of the non-movant's legal
theory, the non-movant must, in order to avoid summary judgment, produce controverting
evidence that raises a fact issue as to the element or elements negated. Nicholson v. Memorial
Hosp. Sys., 722 S.W.2d 746, 751 (Tex. App.Houston [14th Dist.] 1986, writ ref'd n.r.e.). To
be sufficient to raise an issue of fact, any controverting affidavits must consist of more than mere
legal conclusions. Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984).

 In a medical malpractice case, the plaintiff must prove "that the diagnosis or
treatment complained of was negligence and that it was a proximate cause of the patient's
injuries." Williams v. Bennett, 610 S.W.2d 144, 146 (Tex. 1980). Additionally, the requisite
proof of negligence and proximate cause can generally be established only by expert testimony. 
Hart v. Van Zandt, 399 S.W.2d 791, 792 (Tex. 1965); Garza v. Levin, 769 S.W.2d 644, 646
(Tex. App.--Corpus Christi 1989, writ denied); Shook v. Herman, 759 S.W.2d 743, 747 (Tex.
App.Dallas 1988, writ denied). 

 We will assume for the sake of argument that Gaddy's affidavit in support of his
motion for summary judgment and Nichols's affidavit in support of his motion are both sufficient
to conclusively negate the elements of breach of the standard of care and proximate cause. 
Hughes had the burden, therefore, to produce controverting evidence that raised an issue of
material fact as to both of these issues.

 In response to Gaddy's motion for summary judgment, Hughes presented the
affidavit of Dr. Stephen E. Earle. In the pertinent parts of his affidavit, Earle states the applicable
standard of care and his familiarity with the standard. Earle further states:


Specifically, Dr. Hal Gaddy failed to exercise a degree of skill and diligence in
diagnosing and treating Mr. Hughes' broken hip as would ordinarily be exercised
by physicians under like circumstances. Dr. Gaddy was aware of the patient's
complaint of pain in his right hip. It had been previously reported to him by the
emergency medical technicians and emergency room personnel. Also noted in the
emergency room record were multiple small abrasions of the right hip, however,
there was failure to thoroughly evaluate the area of major complaint by the patient,
i.e., his fractured right hip.


Earle also describes the follow-up care provided by Gaddy. He then states that "[h]ad Dr. Hal
Gaddy exercised the degree of skill and diligence in diagnosing and treating Mr. Hughes' injuries
as would ordinarily be exercised by physicians under like circumstances, he would have diagnosed
the broken hip by external observation and examination and in addition by x-ray." Earle further
states that "it is my expert opinion based upon reasonable medical probability that Dr. Hal
Gaddy's failure to diagnose the hip fracture on October 6, 1988 ultimately caused and contributed
to the deterioration of Mr. Hughes' physical condition . . . ."

 Gaddy argues that Earle's affidavit contains only conclusory statements that are
insufficient to raise an issue of fact. We disagree. Earle's affidavit contains more than mere
conclusions. While more detail could no doubt have been added, Earle's statements bear no
resemblance to the grossly conclusory affidavits in the cases cited by Gaddy. See, e.g., Sherard
v. Smith, 778 S.W.2d 546, 549 (Tex. App.Corpus Christi 1989, writ denied); Pinckley v. Dr.
Francisco Gallegos, M.D., P.A., 740 S.W.2d 529, 533 (Tex. App.San Antonio 1987, writ
denied). We conclude that Earle's affidavit is sufficient to raise a question of material fact as to
both breach of the applicable standard of care and proximate cause.

 In response to Nichols's motion for summary judgment, Hughes presented a
second affidavit by Earle. In this second affidavit, Earle again states the applicable standard of
care and that he is familiar with the standard of care. He further concludes, after reviewing the
x-rays of Hughes, that "an acute femoral neck fracture is present" and was not diagnosed by
Nichols. Earle states that "it is my expert opinion based on reasonable medical probability that
the treatment Dr. David Nichols rendered to Mr. Hughes by reviewing his x-rays and reading
them did not meet the standard of care . . . . Dr. Nichols failed to exercise a degree of skill and
diligence in diagnosing by radiography Mr. Hughes' broken hip as would ordinarily be exercised
by physicians under like circumstances." Furthermore, Earle states that the failure to diagnose
the broken hip caused and contributed to the deterioration of Hughes's condition. As in Earle's
other affidavit, these statements are more than bald conclusory statements and raise an issue of
material fact with respect to both breach of the applicable standard of care and proximate cause.

 In his third point of error, Hughes complains that the trial court erred in granting
summary judgment in favor of Georgetown Medical Center. In its brief to this Court, the Medical
Center concedes that the grant of summary judgment in its favor was dependent on the grant of
summary judgment in favor of Gaddy. Because we sustain point of error one, complaining of the
summary judgment in favor of Gaddy, we also sustain point of error three.




 Based on our foregoing discussion, we sustain Hughes's three points of error. We
reverse the trial court's judgment as to all three defendants and remand the cause for further
proceedings.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: April 14, 1993

[Do Not Publish]