Arthur CROW, Appellant,

v.

TRW, INC. and Ford Motor Company, Appellees.

No. 13–93–362–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1994.

Darrell Davis, King, Guerra & Davis, Mission, for appellant.

Pamela M. Giblin, Francesca Ortiz, Jones, Day, Reavis & Pogue, Austin, Gary L. Gurwitz, R. Randy Crane, Atlas & Hall, McAllen, for appellees.

Before GILBERTO HINOJOSA, FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Arthur Crow appeals from a summary judgment rendered in favor of TRW, Inc. and Ford Motor Company. By four points of error, Crow contends that the trial court erred in granting the summary judgment because material issues of fact remain to be resolved by a jury and the trial court improperly based its ruling on oral testimony and demonstrative evidence submitted at the summary judgment hearing. We reverse the summary judgment as to TRW and affirm the summary judgment as to Ford Motor.

Crow owns a tract of land, approximately 60 acres, in Hidalgo county. In October 1991, Crow discovered that industrial solid waste consisting of leftover seat belts, remnants, buckles, cardboard, boxes, tags, labels, paper scraps, plastic bags, strapping, wood crating, and steel bars had been dumped on his property without his permission. TRW manufactures seat belts at a factory across the border in Mexico for Ford Motor to use in its automobiles. TRW contracted with Anglo Iron to have it destroy seat belt parts and dispose of scrap seat belt webbing and plastic that do not meet TRW or its customers' standards from TRW's manufacturing facility. Under TRW's and Anglo Iron's agreement, Anglo Iron reclaims metal parts from the scrap seat belts and transports nonmetal scrap materials to an authorized disposal site.

Sometime before October 28, 1991, unbeknownst to TRW or Ford, Anglo Iron placed the scrap seat belts on Crow's property. Crow's property is not an authorized place for dumping industrial solid waste. Crow contacted TRW's McAllen representative. Several representatives went out to the site and acknowledged that the waste had come from TRW's operations. TRW representatives blamed the occurrence on Anglo Iron and promised Crow that the solid waste would be removed. A few days later, Crow learned that the solid waste had not been taken off of his property but had only been moved to another portion of his property. Later, Anglo Iron removed the seat belt remnants from Crow's property.

Crow filed suit against Anglo Iron, TRW, and Ford Motor alleging several causes of action. Crow asserted the same causes of action against Ford as he had asserted against TRW. Crow asserted that Ford was either wholly liable or jointly and severally liable for the conduct of either itself or TRW because the scrap seat belts "resulted from products manufactured for and on behalf of" Ford Motor. TRW and Ford Motor filed motions for summary judgment. The trial court granted both motions and held that Crow take nothing on all claims asserted against TRW and Ford Motor. The trial court severed the summary judgments in favor of TRW and Ford Motor from the remaining causes of action asserted against Anglo Iron such that they are final, appealable orders. Crow appeals from the granting of summary judgment in favor of TRW and Ford Motor.

Summary judgment is proper if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). The standard for appellate review of a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). When we review the summary judgment evidence presented, we take as true evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We address the propriety of summary judgment as to Ford Motor and TRW separately.

### Summary Judgment—Ford Motor

By point of error one, Crow contends that the trial court erred by granting summary judgment in favor of Ford Motor on the grounds that Anglo Iron was an independent contractor. In our review of the record we find no indication that the trial court granted summary judgment in favor of Ford Motor on this basis. We overrule point one.

By point of error two, Crow contends that the trial court improperly granted summary judgment as to all the causes of action he asserted against Ford Motor because not all causes were addressed by Ford Motor's summary judgment motion. Crow contends that some causes of action alleged in his original petition remain viable.

Crow, by his third amended petition, claimed that TRW manufactured seat belts for Ford Motor. He contended that TRW was responsible for disposing of its factory remnants.

Regarding Ford Motor's responsibility in the harm he suffered, Crow alleged in his petition that (1) Ford was negligent in failing to properly supervise the disposition of the scrap materials, (2) Ford failed to require TRW to hire a reputable disposer, (3) Ford could not lawfully delegate its duty to properly dispose of its waste and was therefore liable for any acts of TRW and Anglo Iron. Additionally, Crow alleged that both Ford Motor and TRW trespassed onto his property, intentionally caused him emotional distress, and were negligent per se because they violated the Texas Litter Abatement Act by disposing of litter at a place that is not an approved solid waste disposal site. *See* Tex.Health & Safety Code Ann. § 365.011 et. seq. (Vernon 1992).

Ford Motor's motion for summary judgment alleged that it had *no* relationship with Crow and owed him no duty with regard to TRW's scrap materials. Diane Mealing, distribution manager for TRW, by affidavit stated that TRW was responsible for arranging for the disposition of the scrap materials. In May 1991, TRW entered into a contract with Anglo Iron, a metal reclamation business, to reclaim metal parts from the scrap materials and to dispose of the remaining scrap materials at authorized disposal sites. Mealing stated that TRW was the exclusive contractor with Anglo Iron with regard to the disposal of the scrap materials.

Crow responded to Ford Motor's motion for summary judgment and submitted his own affidavit as evidence. By affidavit, Crow made the following statements, (1) "FORD'S industrial solid waste (produced by Defendant TRW from the manufacture of goods for FORD) was dumped on Plaintiff's land" and (2) "TRW (for FORD) at most hired Anglo to dispose of its industrial solid wastes under the circumstances that TRW is responsible for such disposal and did not adequately supervise or verify whether such industrial solid wastes were, in truth, disposed of lawfully;" and (3) "FORD's manufacturer, TRW, knew that Anglo Iron & Metal, Inc. was not experienced in hauling factory wastes for manufacturers and at the original meeting prior to their trash-handling arrangement, Anglo strongly urged TRW to hire a professional trash hauler. TRW was negligent in hiring Anglo, if their story is correct and they were not all acting in concert to dump trash on Plaintiff's land. FORD was negligent in letting TRW do whatever it wanted with the industrial solid waste resulting from the manufacture of FORD products."

Crow argues that these statements raise issues of fact about the relationship between Ford Motor and Anglo Iron. Ford Motor responds that 1) its summary judgment proof established, as a matter of law, that there existed no relationship between Ford Motor and Anglo Iron, 2) Crow's summary judgment proof fails to raise a material issue of fact, and 3) his affidavit is not competent summary judgment proof.

■ Supporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Tex.R.Civ.P. 166a(f). Affidavits consisting only of subjective opinions and conclusions are not competent summary judgment evidence. *Mitre v. Brooks Fashion Stores, Inc.,* 840 S.W.2d 612, 618 (Tex. App.—Corpus Christi 1992, writ denied) (citing *Brownlee v. Brownlee,* 665 S.W.2d 111

(Tex.1984)). The contents of an affidavit must set forth facts that would be admissible in evidence, not mere legal conclusions. *Mitre*, 840 S.W.2d at 618.

▮ Though Crow's affidavit includes the statement, "this affidavit is given on my personal knowledge," nothing in the affidavit demonstrates his personal knowledge of the facts quoted from his opposing affidavit to Ford's motion for summary judgment which would raise material questions of fact to avoid summary judgment. *See Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761 (Tex.1988) (affidavit failed to show how Jennings became familiar with facts in his affidavit); *Russell v. Texas Dept. of Human Resources*, 746 S.W.2d 510, 514 (Tex.App.—Texarkana 1988, writ denied) (appellant's declaration that appellees' actions were intentional and malicious was insufficient as evidence because no facts were alleged that would constitute evidence of intent to harm or malicious conduct).

Crow's affidavit consists of conclusory statements about Ford Motor's relationship with TRW and Anglo Iron. Crow states no facts about the relationship between TRW and Ford Motor beyond one of mere manufacturer and purchaser. Therefore, if Ford Motors' summary judgment evidence establishes as a matter of law that it had no duty to Crow then the summary judgment granted in its favor is proper.

▮ In order to establish tort liability, a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1984). In ordinary circumstances, a person has no duty to use care to control the conduct of a third person in order to prevent that person from causing harm to others unless there exists between the actor and the third person some special relationship which imposes such a duty. *Id.*

The undisputed summary judgment evidence shows that Anglo Iron was the party who placed the materials on Crow's property. Additionally, TRW states that it is the only contractor with Anglo Iron. There exists no evidence that Ford Motor was anything other than a third party buyer of the finished seat belts from TRW. We conclude that the evidence shows that Ford Motor owed no duty to Crow.

▮ Crow also claimed that Ford Motor trespassed onto his property. Trespass to real property requires a showing of an unauthorized physical entry onto the plaintiff's property by some person or thing. *Railroad Comm'n v. Manziel*, 361 S.W.2d 560, 567 (Tex.1962).

▮ Ford Motor did not commit a trespass in this case because Anglo Iron placed the materials on Crow's property. According to the summary judgment evidence, there exists no special relationship between Ford Motor and Anglo Iron. TRW's representative stated that it was the only contracting party with Anglo Iron. We overrule point two as it relates to Ford Motor.

### Summary Judgment—TRW

By point of error two, Crow contends that TRW did not address each of the causes of action asserted in his petition; thus, the summary judgment was improper. We find that, by his petition, Crow asserted the following causes of action against TRW, 1) negligent hiring and negligent supervision, 2) negligence per se, 3) trespass, and 4) intentional infliction of emotional harm. We determine whether TRW has shown as a matter of law that Crow has no viable claim for each of these causes of action.

One of the causes of action Crow asserts but not addressed by TRW was Crow's claim that TRW had negligently hired Anglo Iron to remove and dispose of the scrap materials. TRW argues that it addressed this cause of action in its motion for summary judgment. TRW asserts that the claim for negligent hiring was addressed when it included an affidavit from TRW's Distribution Manager by which she stated that TRW understood that Anglo Iron "would perform its job, including disposing of the scrap materials in a competent and legal matter."

▮ The motion for summary judgment shall state the specific grounds on which judgment is sought. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d

337, 339 (Tex.1993); Tex.R.Civ.P. 166a(c). A motion for summary judgment must stand or fall on the grounds expressed therein. *McConnell*, 858 S.W.2d at 341. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *Id.*

In this case, TRW did not address Crow's claim of negligent hiring in its motion for summary judgment. Reliance on its summary judgment evidence without addressing the claim in its motion for summary judgment renders the summary judgment entered on the claim improper. We conclude that this cause of action was not disposed of by the summary judgment granted in favor of TRW.

Crow alleged that TRW trespassed onto his property, intentionally caused him emotional distress, and committed negligence per se by violating the Texas Litter Abatement Act. TRW asserted in its motion for summary judgment that Anglo Iron was responsible for placing the seat belt remnants on Crow's property and that Anglo Iron was an independent contractor. TRW asserts that it, therefore, cannot be held liable for the negligent or intentional acts of Anglo Iron, an independent contractor.

TRW's motion for summary judgment asserted that the summary judgment evidence established as a matter of law that Anglo Iron was an independent contractor who placed the scrap on Crow's property.

The basic test of a contractor is that he render service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. *King v. Loessin*, 572 S.W.2d 87, 89 (Tex.App.—Dallas 1978, no writ). An independent contractor is "any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all details." *Sherard v. Smith*, 778 S.W.2d 546, 548 (Tex.App.—Corpus Christi 1989, writ denied). Therefore, if the employer is interested only in the results, and there is left to the party performing the services complete control of the details as to the method and manner of such performance, then the relationship of independent contractor exists. *Id.* To constitute the relationship of employer and employee, the employer must have the right to select, control, and, for misconduct, discharge the employee. *Id.*

The distinction between an independent contractor and an agent or employee is not always easy to determine, and there is no uniform criterion by which they may be differentiated. *Sherard*, 778 S.W.2d at 548. The recognized tests to determine whether one is acting in a capacity of an independent contractor are: 1) the independent nature of the business; 2) the obligation to furnish necessary tools, supplies and material to perform the job; 3) the right to control the progress of the work except the final result; 4) the length of time of the employment; and 5) the method of payment—whether by the time or by the job. *Sherard*, 778 S.W.2d at 548 (citing *Pitchfork Land & Cattle Co. v. King*, 162 Tex. 331, 346 S.W.2d 598, 603 (1961)). Additionally, the test for determining whether an employer-employee or independent contractor relationship exists is whether the employer has the right to control the details of the work performed. *Wackenhut Corp. v. Perez*, 865 S.W.2d 86, 88 (Tex.App.—Corpus Christi 1993, writ denied) (citing *Newspapers Inc. v. Love*, 380 S.W.2d 582, 590 (Tex.1964)). The relationship is not determined by sporadic acts of control. *Id.*

An employer is generally not legally responsible for the negligent or intentionally tortious acts of an independent contractor in prosecuting work for which the contractor was employed. *Sanchez v. MBank of El Paso*, 792 S.W.2d 530, 531 (Tex.App.—El Paso 1990), *aff'd*, 836 S.W.2d 151 (Tex.1992). Where there exists no dispute about the controlling facts and only one reasonable conclusion can be inferred, the question of whether one is an "employee" or "independent contractor" is a question of law. *Sherard*, 778 S.W.2d at 548.

The undisputed summary judgment evidence shows that Anglo Iron put the items on Crow's property. TRW did not instruct Anglo Iron to place the seat belts on Crow's

property. The summary judgment evidence showed that Simon Diaz had leased a gravel pit from Crow on the 60 acre tract. Diaz had asked Anglo Iron to haul any material it could to the gravel pit to help fill it in. Anglo Iron, as part of its process, separated out of their regular trash all the wood, cardboard, and dirt and sent that to Diaz as filler for his pit. All other trash was to be sent to a public landfill. Crow called TRW to complain about the scrap seat belts on his property. TRW's representatives went to Crow's property for an inspection. TRW then told Crow that they would see to it that the scrap seat belts were removed from his property. After TRW's visit to Crow's property, TRW notified Anglo Iron and instructed them to remove the seat belt remnants from Crow's property. By a letter from Anglo Iron to TRW submitted as Crow's summary judgment evidence, it stated that Anglo Iron's truck driver transporting the load containing TRW's seat belt remnants mistakenly took the load to Diaz's pits. Anglo Iron stated that, before this time, it had not sent any landfill trash to the wrong place.

TRW relies upon the affidavit of Mealing to show that Anglo Iron is an independent contractor. According to Mealing's affidavit, TRW loses all control and authority over the scrap seat belts once Anglo Iron picks them up. TRW does not provide any instructions to Anglo Iron regarding its metal reclamation or disposal of the scrap seat belts. The frequency of use of Anglo Iron by TRW depends upon the amount of scrap seat belts requiring disposal. TRW does not deliver scrap seat belts to Anglo Iron on a set schedule. Rather, the delivery is based upon TRW's disposal needs. Finally, TRW pays Anglo Iron on a per job basis, and payment is not on a weekly or monthly scheme. In TRW's payments to Anglo Iron, it withheld no taxes and provided no medical benefits to Anglo Iron employees. TRW provided no fuel for the trucks used by Anglo Iron for the disposal of the scrap seat belts.

At issue is whether TRW's representative's statement to Crow that it would see to it that the scrap materials were removed left open an issue of fact regarding Anglo Iron's status as an employee or independent contractor. When evaluating TRW's and Anglo Iron's relationship with the factors set out in case law, we conclude that the evidence shows as a matter of law that Anglo Iron was an independent contractor of TRW's.

According to Mealing's affidavit, the relationship was set up as an independent contractor relationship. After the scrap materials were dumped by Anglo Iron onto Crow's property, Crow called TRW because he noticed the company name of some of the items dumped on his property. TRW then instructed Anglo Iron to remove the items from Crow's property. Crow attempts to use this post-incident conduct to show that TRW had a right to control Anglo Iron's work. We conclude that TRW's instruction to Anglo Iron is not evidence that TRW had any right of control over Anglo Iron's procedure in its metal reclamation or disposal of the scrap seatbelts or in removing the scrap from Crow's property. Anglo Iron was an independent contractor of TRW's.

Because we hold that Anglo Iron was an independent contractor we overrule Crow's point of error two relating to negligence per se and intentional infliction of emotional harm.

Because we determined that TRW did not move for summary judgment on Crow's assertion of negligent hiring, we sustain point two related to that cause of action.

### Summary Judgment Hearing

By point of error three, Crow contends that the trial court based its summary judgment ruling upon oral testimony and demonstration evidence submitted at the summary judgment hearing. Crow argues that the use of a seat belt during the summary judgment hearing was the basis for the court's ruling and that therefore, the court's ruling was erroneous.

We note that the court was informed that the seat belt exhibited was not summary judgment evidence. Twice, the court was notified that the seat belt was presented solely for demonstrative purposes.

Crow also asserts that the trial court considered the oral testimony at the hearing when ruling on the summary judgment mo-

tions. All of the testimony Crow points to at the hearing is contained in the submitted summary judgment evidence.

■ If summary judgment can be based upon other evidence submitted without consideration of improperly submitted evidence, no reversible error will have occurred. *See Houston v. Grocers Supply Co.,* 625 S.W.2d 798, 803 (Tex.App.—Houston [14th Dist.] 1981, no writ). We conclude that the summary judgment as to Ford Motor was proper without considering the evidence and argument submitted at the hearing. We overrule point three.

We affirm the summary judgment as to Ford Motor and reverse the summary judgment in favor of TRW and remand to the trial court for further proceedings.