COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
 DOLORES DURBIN,
 ADMINISTRATRIX OF THE ESTATE OF DAVID DURBIN, INDIVIDUALLY AND ON BEHALF OF
 LISA MARIE DURBIN AND DAVID DURBIN, JR., MINORS AND RODRIGO DURBIN,
  
                             Appellants,
  
 v.
  
 CULBERSON COUNTY,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
 
 
  
  
                 No.
 08-03-00202-CV
  
 Appeal from the
  
 394th District Court
  
 of Culberson County, Texas 
  
 (TC# 3911)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


O P I N I O N

 

This is an appeal from a summary
judgment in a wrongful death suit.  We
affirm.

FACTUAL AND PROCEDURAL SUMMARY








On February 21, 1994, David Durbin
was installing and changing lights at a baseball field owned by Culberson
County and used by the Culberson County Independent School District.  Durbin was electrocuted and died as a
result.  On February 16, 1996, Durbin=s wife, children and estate sued the
County and the School District under the wrongful death and survival actions of
Texas Civil Practice and Remedies Code Chapter 71 and the Texas Tort Claims
Act.  Appellants also sued under the
Texas Constitution, article XVI, section 26 and Vernon=s Annotated Texas Statute, article
8306, section 5.

The County filed its answer, and
later filed a motion for summary judgment on April 11, 1997.  The trial court granted summary judgment in
favor of the County on April 28, 1997. 
Appellants filed an original petition for bill of review on January 25,
1999 asserting they never received notice setting a hearing on the County=s motion for summary judgment.  On October 28, 1999, the trial court set
aside the previous order granting summary judgment in favor of the County.

The County then filed a renewed
motion for summary judgment on February 28, 2003.  Appellants then filed their Fourth Amended
Petition and responded to the County=s summary judgment motion on March
17, 2003.  The County replied to the appellants= response to their summary judgment motion on March 20,
2003.  Appellants filed objections to the
County=s reply on March 24, 2003.  The motion was granted on March 24, 2003, and
this appeal ensued.

OBJECTIONS TO THE REPLY TO APPELLANTS= RESPONSE TO THE COUNTY=S SUMMARY JUDGMENT MOTION

 








In their Point of Error Two,
appellants argue that the trial court should not have considered the County=s reply as part of the summary
judgment record.  In Point of Error
Three, appellants assert that the trial court incorrectly overruled their
objection to the reply since the appellants were never apprized of the arguments
contained in the reply.  We will consider
these two points of error together.

Pertinent Procedural Facts

The County filed its renewed motion
for summary judgment on February 28, 2003, with the appellants replying on
March 17, 2003. Between the filing of the County=s motion for summary judgment and the
appellants= reply, the appellants filed their
Second and Third Amended Petitions.  On
March 17, 2003, the day of their summary judgment reply, the appellants filed
their final and Fourth Amended Petition. 
Beginning in their Second Amended Petition, appellants argued that the
County owed the decedent a duty under the Texas Occupational Safety Act.








The County addressed the appellants= new argument that the County owed a nondelegable
duty to the decedent under the Texas Occupational Safety Act in their reply to
the appellants= response to the County=s motion for summary judgment.
Appellants contended in their objection to the County=s reply, filed on March 24, 2003,
that when the County faxed over their reply that some of the pages were not received. 
Appellants argued that of the first ten pages of the County=s reply that only pages 1, 7, 9, and
10 were received.  Appellants further
assert that when the County was asked to re-fax the reply that the same pages
were left out again, which was not noticed until March 22, 2003.  Appellants requested that the trial court
strike the reply from the summary judgment record since the appellants had no
idea what the County was arguing in its reply. 
The summary judgment hearing was held on March 24, 2003 with the trial
court granting the County=s motion for summary judgment.

Arguments as to the Reply

Appellants argued that the pleadings
must give fair notice of the claims, defenses, and relief sought and that it
was reversible error for the trial court to consider the County=s reply as summary judgment evidence
when the appellants were not fairly and timely apprized of the arguments.  The County argued that there was no provision
under Texas Rule of Civil Procedure 166a which sets a deadline for filing a
reply and that appellants had waived their complaint.

Law Applicable to the Summary
Judgment Reply 

While appellants= argument that pleadings must give
fair notice of claims is correct, we are dealing with a motion for summary
judgment and its reply, not a pleading.  AA motion is an application for an
order.@ 
Jobe v. Lapidus, 874 S.W.2d 764, 765
(Tex. App.--Dallas 1994, writ denied) (citing Crain v. San Jacinto Sav. Ass=n, 781
S.W.2d 638, 638 (Tex. App.--Houston [14th Dist.] 1989, writ dism=d)).  AA motion is not at the same level as
a pleading.@ 
Id. at 765-66.








While Rule 166a(c) states as
follows:  AExcept on leave of court, with notice
to opposing counsel, the motion and any supporting affidavits shall be filed
and served at least twenty‑one days before the time specified for
hearing,@ the County=s reply cannot be construed as an
amended summary judgment motion because it does not address new grounds for
judgment.  Tex. R. Civ. P. 166a(c).  The County=s reply was just that--a reply to
arguments made by the appellants in their response.  A non-movant may
submit evidence of its response to a summary judgment motion only up to seven
days before the hearing.  Tex. R. Civ.
P. 166a(c).  However, this seven-day limit does not apply
to a movant=s reply.  See Tex.
R. Civ. P. 166a(c); Knapp v. Eppright, 783 S.W.2d
293, 296 (Tex. App.--Houston [14th Dist.] 1989, no pet.); Alaniz
v. Hoyt, 105 S.W.3d 330, 339 (Tex.  App.--Corpus Christi 2003,
no pet.).

Furthermore, appellants have failed
to properly preserve error.  While
appellants filed their objection to the County=s reply at 11:40 a.m. on March 24,
2003, they never notified the trial court about their objection.  Appellants appeared at the summary judgment
hearing at 1:30 p.m. on the 24th, argued their response to the motion, and
failed to bring their objection to the court=s attention or to request a
continuance.  See
Davis v. Davis, 734 S.W.2d 707, 712 (Tex. App.--Houston [1st Dist.] 1987,
writ ref=d n.r.e.) (holding that A[s]ince the
appellant participated in the hearing on the appellees= motions for summary judgment without
objection, and failed to ask for a continuance, rehearing, or new trial, he
ha[d] waived any objection or right to appeal@); Knapp, 783 S.W.2d at 296
(finding no record of the appellant=s objection at the summary judgment
hearing).  Accordingly, appellants= Point of Error Two is overruled.








Arguments as to the Objections

Appellants argued that since the
motion granting summary judgment was silent as to how the court ruled on its
objection, this Court should treat the objection as being implicitly
overruled.  Appellants contended that
denying their objection constituted reversible error because they did not
receive fair notice of the County=s pleadings.  The County argued that appellants failed to
bring their objection to the attention of the trial court and obtain a ruling
on their objection.

Law Applicable to Objections

Rule of Appellate Procedure 33.1
provides that an appellant must do the following in order to preserve error:

As a
prerequisite to presenting a complaint for appellate review, the record must
show that:

 

(1) the complaint was made to the trial court by a timely
request, objection, or motion that:

 

(A)
stated the grounds for the ruling that the complaining party sought from the
trial court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context; and

 

(B)
complied with the requirements of the Texas Rules of Civil or Criminal Evidence
or the Texas Rules of Civil or Appellate Procedure; and

 

(2) the trial court:

 

(A) ruled on the request, objection, or motion, either expressly
or implicitly; or

 








(B) refused to rule on the request, objection, or motion, and
the complaining party objected to the refusal.  Tex. R. App. P. 33.1. 

 

Therefore, appellants can preserve error if their objection
was either expressly or implicitly overruled. 
Here, neither the motion granting summary judgment, nor the record from
the summary judgment hearing, denoted whether the trial court considered
appellants= objection in granting summary
judgment.  Therefore, we find that the
ruling was not express.

Next, we must determine whether appellants= objection was implicitly overruled.  A[A] trial
court=s ruling on an objection to summary
judgment evidence is not implicit in its ruling on the motion for summary
judgment.@ 
Well Solutions, Inc. v. Stafford. 32
S.W.3d 313, 317 (Tex. App.--San Antonio 2000, no pet.); see also Allen ex rel. B.A. v. Albin, 97 S.W.3d
655, 663 (Tex. App.--Waco 2002, no pet.) (agreeing
with the San Antonio court and finding that granting of summary judgment does
not implicitly overrule or sustain objections); Wrenn
v. G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 498 (Tex. App.--Fort Worth
2002, no pet.) (holding that an appellate court cannot
infer trial court ruled on an objection merely by granting summary judgment).








We cannot determine that the trial
court implicitly overruled appellants= objection when we do not know if the
trial court was even aware of the objection. 
The objection was filed at 11:40 a.m. on March 24, and the hearing on the
summary judgment motion was held at 1:30 p.m. the same day.  Appellants failed to bring their objection to
the court=s attention at the summary judgment
hearing.  We find no evidence that the
objection was either expressly or implicitly overruled; therefore, appellants
have waived their objection. 
Accordingly, appellants= Point of Error Three is overruled.

                                           GRANT
OF SUMMARY JUDGMENT       

In Point of Error One, appellants
generally challenged the trial court=s grant of summary judgment in favor
of the County.  Point of Error Four
challenged the trial court=s grant of summary judgment because genuine issues of material
fact still existed.  The County moved for
summary judgment under Texas Rule of Civil Procedure 166a(c) and (i).  The trial court
granted the motion but did not specify the grounds on which it relied.  Therefore, we must affirm the trial court=s
judgment if any of the theories advanced in the motion are meritorious.  See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).  We will first examine the County=s no-evidence summary judgment
motion.

Standard of Review








A no‑evidence summary judgment
is proper only when the non‑movant has failed
to prove there is a genuine issue of material fact on one or more of the
elements identified in the motion. Tex.
R. Civ. P. 166a(i).  A no‑evidence
summary judgment is essentially a pretrial directed verdict, and we apply the
same legal sufficiency standard that we apply in reviewing a directed
verdict.  Marsaglia v. University
of Texas, El Paso, 22 S.W.3d 1, 3 (Tex. App.‑‑El Paso 1999,
pet. denied).  The motion should
be granted if the non‑movant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of
material fact as to an essential element of the non‑movant=s claim on which the non‑movant would have the burden of proof at trial.  Id. at 4.  If the evidence supporting a finding rises to
a level that would enable reasonable, fair‑minded persons to differ in
their conclusions, then more than a scintilla of evidence exists.  Id. 
Less than a scintilla of evidence exists when the evidence is A>so weak as to do no more than create a
mere surmise or suspicion=@ of a fact, and the legal effect is
that there is no evidence.  Id.

Negligence

Appellants= cause of action rests upon the
purported negligence or gross negligence of the County based on a premises
defect.  The elements of a common-law
negligence claim are (1) a legal duty owed by one person to another; (2) a
breach of that duty; and (3) damages proximately resulting from the
breach.  Greater
Houston Transp. Co. v. Phillips, 801 S.W.2d 523,
525 (Tex. 1990).  The appellants
argued that the County had a duty to warn the decedent about an unreasonably
dangerous condition and premises defect on its baseball field.  In its summary judgment motion, the County
claimed there was no evidence that it owed a duty to the decedent or exercised
any control over his work.

The threshold inquiry in a negligence
action is determining whether the defendant owed a duty to the plaintiff.  Abalos v. Oil Development Co., 544 S.W.2d 627, 631 (Tex. 1976).  Existence of a duty is a question of
law.  Oldaker v. Lock Constr. Co., 528 S.W.2d 71, 77 (Tex. Civ. App.--Amarillo 1975, writ ref=d
n.r.e.).








Independent Contractor Status








Under Texas law, an independent
contractor is one Awho, in the pursuit of an independent business, undertakes to
do a specific piece of work for other persons, using his own means and methods,
without submitting himself to their control in respect to all its details.@ 
Pitchfork Land & Cattle Co. v. King, 346
S.W.2d 598, 602‑03 (Tex. 1961); Hoechst Celanese Corp. v. Compton,
899 S.W.2d 215, 220 (Tex. App.‑‑Houston [14th Dist.] 1994, writ
denied).  The standard tests for
determining whether one is acting in the capacity of an independent contractor
measure the amount of control that the employer exerts or has a right to exert
over the details of the work.  Newspapers, Inc. v. Love, 380 S.W.2d 582, 591 (Tex. 1964); Hoechst
Celanese Corp., 899 S.W.2d at 220. 
In determining whether a person is an employee or an independent
contractor, a court is required to examine a number of factors, including (1)
the independent nature of the contractor=s business; (2) the obligation to
supply necessary tools, supplies, and materials; (3) the right to control the
progress of the work except as to final results; (4) the duration of the
employment; and (5) the method of payment, whether by time or by the job.  Pitchfork Land & Cattle Co., 346 S.W.2d at 603; Hoechst Celanese Corp., 899 S.W.2d
at 220.  The most fundamental of these
factors is the right of control.  See
Ross v. Texas One Partnership, 796 S.W.2d 206, 210‑11 (Tex. App.‑‑Dallas
1990), writ denied per curiam, 806 S.W.2d 222
(Tex. 1991).  Where there exists no
dispute about the controlling facts and only one reasonable conclusion can be
inferred, the question of whether one is an Aemployee@ or Aindependent contractor@ is a question of law.  Crow v. TRW, Inc.,
893 S.W.2d 72, 78 (Tex. App.‑‑Corpus Christi 1994, no writ); Sherard v. Smith, 778 S.W.2d 546, 548 (Tex.
App.‑‑Corpus Christi 1989, writ denied).

Appellants argued that the County
attempted to label the decedent as an Aindependent contractor@ to show that it had no duty.  They also contended that the decedent=s employment status was not even at
issue because the County had a nondelegable duty
under the Texas Occupational Safety Act to warn the decedent about dangerous
conditions that it knew about regardless of his employment status.  However, we believe there is no dispute about
the controlling facts and that only one reasonable conclusion can be drawn--the
decedent was an independent contractor.

Generally, an agreement providing
that a person shall be an independent contractor and providing for no right of
control is controlling in determining the relationship between the parties.  See Humphreys v. Texas
Power & Light, 427 S.W.2d 324, 329 (Tex. Civ. App.--Dallas 1968, writ ref=d n.r.e.)
(citing Love, 380 S.W.2d at 582).  However, this rule is subject to two
exceptions:  (1) if the evidence shows
that the contract is a mere sham, subterfuge, or cloak designed to conceal the
parties= true relationship, or (2) the
written contract has been modified by either an express or implied subsequent
agreement.  Id. (citing Anchor
Casualty Co. v. Hartsfield, 390 S.W.2d 469 (Tex. 1965)).  The Stipulation and Agreement provided as
follows:








WHEREAS, DAVID DURBIN (herein called AIndependent Contractor@) has
agreed to perform certain services, on a contract basis, for CULBERSON COUNTY,
TEXAS, described as follows:

 

Installation of lights at >Red Sox=
baseball field in Van Horn, Texas; and,

 

NOW THEREFORE, Independent Contractor contracts and
agrees that he will provide all necessary services as an >independent contractor= and
shall complete the necessary job absent the direction or control of the
COUNTY.  Independent Contractor
stipulates and agrees that he shall not be deemed an agent, servant, or
employee of the COUNTY, nor shall said Independent Contractor be a beneficiary of  any COUNTY plans,
benefits, or insurance normally provided by COUNTY for its ordinary full or
part-time employees.

 

Independent Contractor agrees to take all precautions
necessary for the safety and prevention of injury or damage to persons and
property at or adjacent to the work site, and for the protection of all
persons, including Independent Contractor and his employees, at or adjacent to
the work site.  Independent Contractor assumes
all risk incident to the job to be performed and further agrees to release
and to hold the COUNTY harmless from all liability for any losses, injuries,
damages or expense suffered or arising from any injury to persons or property
arising from the job or in any way incident to the performance of the work
contemplated.  (Emphasis
in original).

 








The agreement signed by the decedent showed as follows:  (1) he was performing the work on a contract
basis; (2) he was to perform one job, installation of the lights at the
baseball field; (3) he was to complete the job absent control or direction from
the County; (4) he was not an employee, servant, or agent of the County; (5) he
was not a beneficiary of benefits given to County employees; and (6) he was to
be an Aindependent contractor.@ 
There is no dispute that the decedent signed this contract before he
began work.  Furthermore, appellants have
provided no evidence to show that the two exceptions under Humphreys to
finding the agreement controlling are present. 
Therefore, we find that the decedent was an independent contractor.

                                                                 County=s Duty








The general rule is that an owner or
occupier of land has a duty to use reasonable care to keep premises in a safe
condition.  Redinger v. Living, Inc.,
689 S.W.2d 415, 417 (Tex. 1985). 
This duty may subject the premises owner to direct liability for
negligence in two situations:  (1) those
arising from a premises defect, and (2) those arising from an activity on the
premises.  Id.; Clayton
W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523,
527 (Tex. 1997).  Appellants
pleaded a cause of action for premises defect. 
Under the premises defect theory of premises liability there are two
subcategories:  (1) defects existing on
the premises when the independent contractor/invitee entered; and (2) defects
the independent contractor created by its work activity.  Coastal Marine Serv. of Tex., Inc. v. Lawrence, 988 S.W.2d 223, 225
(Tex. 1999).  Under the first
subcategory, the premises owner has a duty to inspect the premises and warn the
independent contractor/invitee of dangerous conditions that are not open and
obvious and that the owner knows or should have known exist.  Id. 
Only concealed hazards‑‑dangerous in their own right and
independent of action by another‑‑that are in existence when the
independent contractor enters the premises fall into this first subcategory of
premises defects.  Id.  The appellants argued that the first
subcategory applied because the hazard was that the decedent climbed to the top
of an ungrounded, energized pole and that the County did not provide locked
down switches.  The appellants also
argued that the County had a duty to warn the decedent about a reasonably
dangerous condition.  See
Gutierrez v. Scripps-Howard, 823 S.W.2d 696 (Tex. App.--El Paso 1992,
writ denied).  However, the case
at hand can be distinguished from Gutierrez.  Gutierrez involved harm to a freelance
photographer sent to a new hotel in Cd. Juarez,
Mexico.  Id. at
697.  The newspaper sending the
photographer had published previous articles about the hotel owner alleging he
was a drug czar.  Id.  This Court held that the newspaper had a duty
to warn the photographer of the dangerous condition that it had created by
writing the articles about this hotel owner. 
Id. at 699.  However, the case at hand does not involve a
danger created by the County. 








We conclude that the present case
does not fall under the first subcategory of premises defects.  The light pole was not a concealed
hazard.  The record indicated that it was
clearly visible and that the decedent in fact worked on the pole.  There is no evidence that the pole was in any
way dangerous itself.  We conclude that
the light pole posed no danger until the decedent decided to change out the
light bulbs on the pole with the power on and by sticking a metal object into
the bulb socket.  Therefore, we must
consider this case under the second premises defect subcategory.  See Lawrence, 988 S.W.2d at 225
(holding pinch point area of premises owner=s crane posed no danger until
independent contractor=s employees put the crane into operation); Shell Chemical
Co. v. Lamb, 493 S.W.2d 742, 747 (Tex. 1973) (citing Hailey v. Missouri,
K. & T. R.R. Co., 70 S.W.2d 249 (Tex. Civ.
App.‑‑Fort Worth 1934, writ ref=d) (explaining that where there was
no danger of a cave‑in before independent contractor began excavation,
employee of independent contractor could not recover under premises defect
subcategory)); Bryant v. Gulf Oil Corp., 694 S.W.2d 443, 446 (Tex. App.‑‑Amarillo
1985, writ ref=d n.r.e.) (power line posed no danger until employee of independent
contractor caused pole to come into contact with it).

Under the second subcategory‑‑when
the dangerous condition arises as a result of the independent contractor=s work activity‑‑the
premises owner normally owes no duty to the independent contractor=s employees because an owner
generally has no duty to ensure that an independent contractor performs its
work in a safe manner.  Lawrence, 988 S.W.2d at 225. 
However, a premises owner may be liable when the owner retains the right
of supervisory control over work on the premises.  Id. at 225-26.  In determining whether an owner has retained this
right to control, the standard is narrow. 
Id. at 226.  The right to control must be more than a
general right to order work to stop and start, or to inspect progress.  Id.  The supervisory control must relate to the
activity that actually caused the injury and grant the owner at least the power
to direct the order in which work is to be done or the power to forbid it being
done in an unsafe manner.  Id.

A party can prove the Aright to control@ in two ways:  (1) by evidence of a contractual agreement
which explicitly assigns the premises owner a right to control; and (2) in the
absence of a contractual agreement, by evidence that the premises owner actually
exercised control over the job.  Id.  Here, there was a contractual agreement.  The Stipulation and Agreement stated as
follows:








NOW
THEREFORE, Independent Contractor contracts and agrees that he will provide all
necessary services as an >independent contractor= and
shall complete the necessary job absent the direction or control of the COUNTY.


 

Appellants never asserted that the
County exercised actual control over the decedent=s work, but appellants did argue that
even though the contract stated that the County retained no control over the
decedent=s work that the County had a right to
control under the Texas Occupational Safety Act.  The fact that in the agreement the County
instructed the decedent to take safety precautions in his work is not evidence
that the County had a right to control the manner in which decedent performed
his work.  appellants
have failed to produce evidence which shows that the County directed decedent=s work.  Thus, we conclude that there is no evidence
that the County exercised or retained supervisory control over the decedent.








In their response to the County=s summary judgment motion, appellants
asserted that the County owed a duty to the decedent under the Texas
Occupational Safety Act (Athe Act@).  The Act provides
that A[i]t is a
primary, continuing and non‑delegable duty of the employer to provide a
safe place and safe conditions in which his employees may work.@ 
Cabrera v. Delta Brands, Inc., 538 S.W.2d 795,
797 (Tex. Civ. App.--Texarkana 1976, writ ref=d n.r.e.)
(citing Tex. Labor Code Ann. _ 411.103 (Vernon 1996);[1]
Sloan v. Leger Mill Co., 161 S.W.2d 333 (Tex. Civ.
App.--Amarillo 1942, writ ref=d w.o.m.)).  As a part of that obligation, the employer
must instruct employees in the safe use and handling of the products and
equipment used in and around the employer=s plant or facilities.








In its reply, the County asserted
that its sovereign immunity had not been waived under the Act.  Generally, the legislature must express a
clear and unambiguous intent to waive sovereign immunity.  See Foster v. Denton Indep.
School Dist., 73 S.W.3d 454,
463 (Tex. App.--Fort Worth 2002, no pet.).  The legislature routinely uses language that
leaves no doubt about its intent to waive immunity.  See, e.g., Tex. Civ. Prac. &
Rem. Code Ann. ' 63.007(b) (Vernon Supp. 2004) (AThe state=s sovereign immunity to suit is
waived . . . .@); Id. ' 101.025 (Vernon 1997) (ASovereign immunity to suit is waived
. . . .@); Id. ' 103.101(a) (Vernon Supp. 2004)  (A[T]he state=s immunity from the suit is waived.@); Id. ' 110.008(a) (Vernon Supp. 2004) (A[S]overeign
immunity to suit and from liability is waived and abolished . . . .@); Tex.
Educ. Code Ann. ' 51.901(b) (Vernon 1996) (AThe defense of sovereign immunity
shall not be available . . . .@).  Nevertheless, the supreme court has also found that the legislature has waived
sovereign immunity when the language of a statute leaves no reasonable doubt
that the legislature intended to waive the governmental unit=s sovereign immunity.  See Foster, 73 S.W.3d at 463 (citing Kerrville
State Hosp. v. Fernandez, 28 S.W.3d 1, 8 (Tex. 2000) (holding that the
legislature intended to waive sovereign immunity in the State Applications Act
by designating state agency as an employer, which the legislature would not
have done if they intended state agencies to be immune from anti‑retaliation
law claims); City of LaPorte v. Barfield, 898
S.W.2d 288, 296‑97 (Tex. 1995) (concluding that the legislature must have
intended to waive immunity because the provisions of the anti‑retaliation
law are not susceptible to any sensible construction absent that conclusion)). AThe Legislature neither expressly
waived sovereign immunity in article 5182a, nor are we unable to sensibly
interpret the statute in light of sovereign immunity.@ 
Foster, 73 S.W.3d at 463.  In Foster, the court found that the
legislature did not expressly waive sovereign immunity in article 5182a and
that there was no clear and ambiguous language expressing the legislature=s intent to waive sovereign
immunity.  Id.
at 463.  We agree and find no
waiver of sovereign immunity under the Act. 
A county is not specifically included within the definition of an Aemployer@ under the Act.  Appellants offered no evidence showing why
the legislature would have intended to waive sovereign immunity.








We find that appellants have failed
to provide more than a scintilla of evidence to raise a genuine issue of
material fact as to the County=s duty.  Furthermore,
appellants have failed to produce evidence establishing that the County
exercised or retained control over the manner in which the decedent performed
his job, so the rule that the premises owner owes no duty to an independent
contractor or his employees applies. 
See Lawrence, 988 S.W.2d at 225; Olivo, 952 S.W.2d at 527‑28; Lamb, 493
S.W.2d at 747.  Since the appellants have
failed to produce evidence on an essential element of their claim, we find that
the trial court properly granted summary judgment on this basis.  Tex.
R. Civ. P. 166a(i).  Accordingly,
appellants= Points of Error One and Four are
overruled.

                                                                CONCLUSION

The trial court=s grant of summary judgment in favor
of the County is affirmed.

 

SUSAN
LARSEN, Justice

April 1, 2004

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 











[1]Cabrera
cites to the old version of the Texas Occupational Safety Code since the cause
of action accrued in 1994.  See
Acts 1967, 60th Leg., R.S., ch. 201, 1967 Tex. Gen.
Laws 441, amended by Acts 1985, 69th Leg., R.S., ch.
931, art. 11, _ 1, 1985 Tex. Gen. Laws
3150, codified by Acts 1995, 74th Leg., R.S., ch.
76, _
9.54, 1995 Tex. Gen. Laws 656.