Sheldon GROSS, M.D., Petitioner,

v.

**Timothy and Nancy KAHANEK, individually and as personal representatives of the Estate of Kyndil Kahanek, deceased minor child, Respondents.**

No. 98–1156.

Supreme Court of Texas.

Sept. 16, 1999.

Rehearing Overruled Nov. 18, 1999.

Rehearing Overruled Dec. 16, 1999.

---

Thad D. Spalding, Ruth G. Malinas, Brett B. Rowe, George F. Evans, San Antonio, for Petitioner.

Valorie W. Davenport, Neda S. Yassaei, Houston, for Respondent.

PER CURIAM.

Timothy and Nancy Kahanek, individually and on behalf of their daughter Kyndil's estate, sued Dr. Sheldon Gross, alleging that drug treatment prescribed by Dr. Gross caused Kyndil's death. Dr. Gross moved for summary judgment in part on grounds that their claims were barred by the two-year limitations period of Texas Revised Civil Statute article 4590i, § 10.01.

The trial court granted the motion. The court of appeals reversed and remanded, holding that limitations had not yet run. It concluded that Dr. Gross maintained a continuing course of treatment for Kyndil that ended the day she stopped taking Tegretol, and that Kyndil stopped taking the drug at the time of her death less than two years before suit was filed. 981 S.W.2d 271, 276. We conclude that Dr. Gross's course of treatment ended when another doctor became responsible for refilling the Tegretol prescription. Although limitations ran from that date and bars the Kahaneks' wrongful death action, limitations on their survival action was tolled until Kyndil's death and does not bar that claim. We therefore affirm the court of appeals' judgment on the survival claim, but reverse the court of appeals' judgment on the wrongful death claim and render judgment that the Kahaneks take nothing on that claim.

Kyndil Kahanek was born in 1986 with a congenital heart defect, and subsequently underwent successful heart surgery. In 1990 she suffered a seizure. Kyndil was referred to Dr. Sheldon Gross, a pediatric neurologist in San Antonio. Dr. Gross prescribed the medication Tegretol to control the seizures. The next month the Kahaneks took Kyndil back to Dr. Gross for a follow-up visit. After obtaining tests to determine Kyndil's blood count and Tegretol level, Dr. Gross advised the Kahaneks to continue giving her Tegretol.

On January 20, 1992, the Kahaneks again took Kyndil to Dr. Gross, reporting that she had suffered another seizure. Dr. Gross increased the Tegretol dosage and requested that Dr. Gordon Barth, Kyndil's family physician in Yorktown, conduct a Tegretol-level test. Dr. Gross did not examine Kyndil again, although he last ordered a refill of her Tegretol prescription on August 10, 1992. Dr. Barth began authorizing refills of the medication in September 1992, and Kyndil continued to take Tegretol. On June 12, 1993, Kyndil complained of nausea and abdominal pain.

The Kahaneks took her to Santa Rosa Children's Hospital, where she died the next day after her liver and heart stopped functioning. Tegretol poisoning allegedly contributed to her death.

On June 13, 1995, the Kahaneks brought wrongful death and survival actions against Dr. Gross. The Kahaneks alleged that Dr. Gross was negligent and grossly negligent in failing to diagnose the severity of Kyndil's condition, failing to prescribe appropriate medication, failing to recommend an appropriate level of Tegretol, failing to monitor Kyndil properly while she was taking Tegretol, and failing to warn the Kahaneks of the risks associated with Tegretol. Dr. Gross moved for summary judgment, based in part on the Medical Liability and Insurance Improvement Act's two-year statute of limitations. The trial court granted summary judgment for Dr. Gross, and the Kahaneks appealed.

The court of appeals reversed the summary judgment and remanded the case to the trial court. 981 S.W.2d at 278. The court concluded that Dr. Gross and Kyndil maintained a continuing course of treatment for controlling Kyndil's seizures, and that the course of treatment did not end until Kyndil stopped taking Tegretol on the date of her death. Accordingly, the court of appeals held that limitations did not bar the Kahaneks' claims. Id. at 276. Dr. Gross petitioned this Court for review, alleging that any course of treatment he maintained with Kyndil ended on January 20, 1992, when he last saw Kyndil, or alternatively, in September 1992, when he stopped refilling Kyndil's prescription.

■■■ A defendant moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively establishing that defense. See Jennings v. Burgess, 917 S.W.2d 790, 793 (Tex.1996). The Medical Liability and Insurance Improvement Act defines the statute of limitations for all medical malpractice claims, including survival and wrongful death actions. See TEX.REV.CIV. STAT. art. 4590i, § 10.01; Diaz v. Westphal, 941

S.W.2d 96, 98 (Tex.1997). The statute also provides that giving presuit notice of a claim tolls limitations for seventy-five days. TEX.REV.CIV. STAT. ANN. 4590i, § 4.01. The two-year period begins to run from the date of the breach or tort if that date is ascertainable. See Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex.1987). When, however, the "patient's injury occurs during a course of treatment for a particular condition and the only readily ascertainable date is the last day of treatment," limitations begins to run on the last day of treatment. Id. Neither party to this case disputes that Dr. Gross maintained a continuing course of treatment with Kyndil to combat her seizures, and that this course of treatment, rather than a single act of negligence, serves as the basis for the Kahaneks' suit. As such, the dispositive question is whether this course of treatment ended more than two years and seventy-five days before the Kahaneks filed their lawsuit.

Dr. Gross argues that his treatment of Kyndil ended in January 1992 and was not extended by the later refills of the Tegretol prescription. Thus, he urges that Rowntree v. Hunsucker, 833 S.W.2d 103 (Tex.1992), controls. Although we agree that limitations ran on the wrongful death claim in this case, we disagree that Rowntree is dispositive. In Rowntree, the plaintiff sued her doctor for failure to diagnose, monitor, and treat the occluded arteries that caused her debilitating stroke. In response to the defendant's limitations argument, the plaintiff asserted that the defendant maintained a continuing course of treatment so long as she continued to take the high blood pressure medication he prescribed, or alternatively, until she obtained the last prescription from her pharmacist. The plaintiff, however, did not allege that the medication caused her injury. Under those circumstances, we held that a "single instance of prescription renewal does not demonstrate sufficient involvement by the physician to constitute a continuing course of treatment." Id. at 108. We reasoned

that a course of treatment could be established by the physician enlisting the aid of a patient to self-administer a medication only when the physician controls the medicine and continues to render medical services. *See id.*

■ In contrast, the Kahaneks allege that Kyndil's death resulted from her taking the prescribed Tegretol. The Kahaneks further allege, and presented some supporting evidence, that Dr. Gross had a duty to monitor Kyndil more closely while she was taking Tegretol; Dr. Gross does not dispute that he maintained a duty to monitor her while she was taking the medication. Thus, this is not a suit in which Kyndil, or her parents, were entrusted to self-administer a medication. Rather, this case involves allegations that a physician was required to monitor the effects of a medication while it was being taken, and that the failure to do so contributed to the patient's death. In *Rowntree,* we recognized this difference: "There are some situations in which the statute would run from the date of the last drug treatment, if the course of that treatment is the direct cause of the injury." 833 S.W.2d at 105. As the Kahaneks alleged that the course of treatment with Tegretol was the cause of Kyndil's death, the statute of limitations began to run on the date of Dr. Gross's last drug treatment for Kyndil.

■ In determining when a course of drug treatment ends, we consider such factors as: (1) whether the physician continues to examine or attend the patient, and (2) whether the condition requires further services from the physician. *See id.* at 106. The parties do not dispute that Dr. Gross last examined Kyndil on January 20, 1992. Nor do they disagree that he refilled the Tegretol prescription until August 10, 1992. As the Kahaneks presented evidence to suggest that a physician who prescribes Tegretol must continually monitor the patient's blood Tegretol levels, Dr. Gross maintained a continuing course of treatment for Kyndil so long as he was prescribing Tegretol for her. Beginning

in September 1992, still more than two years before the Kahaneks filed suit, Dr. Barth prescribed Kyndil's Tegretol and authorized her refills. Because Dr. Gross was no longer authorizing refills of Kyndil's Tegretol prescription as of September 1992, and was therefore no longer responsible for monitoring her blood Tegretol levels, Dr. Gross's course of treatment with Kyndil ended in September 1992.

■ Limitations on a wrongful death claim based on negligent health care is not tolled or extended because the decedent is a minor. *Baptist Mem'l Hosp. Sys. v. Arredondo,* 922 S.W.2d 120, 121 (Tex. 1996). Therefore, limitations ran from the completion of treatment in September 1992 and barred the Kahaneks' wrongful death claim when they filed it on June 13, 1995.

■ The Kahaneks' survival claim, however, is not barred. That action is the same action Kyndil had the day she died and is wholly derivative of Kyndil's rights; the injury is hers, and the damages are those she suffered while alive. *See* TEX. CIV. PRAC. & REM.CODE § 71.021; *Brown v. Shwarts,* 968 S.W.2d 331, 334 (Tex.1998); *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 345 (Tex.1992). Because Kyndil was a minor, the limitations period was tolled for her claim until her death. *See Brown,* 968 S.W.2d at 334; *Weiner v. Wasson,* 900 S.W.2d 316, 321 (Tex.1995). Because the Kahaneks filed the survival action within two years and seventy-five days of Kyndil's death, that claim is not barred.

Accordingly, the Court grants Dr. Gross's petition for review, and without hearing oral argument, *see* TEX.R.APP. P. 59.1, affirms the court of appeals' judgment on the survival claim, reverses the court of appeals' judgment on the wrongful death claim, and renders judgment that the Kahaneks take nothing on their wrongful death claim.