NUMBER 13-00-137-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



KATHERYN CANN, Appellant,


v.


ROYAL INDEMNITY COMPANY, Appellee.

 
On appeal from the 24th District Court

of Victoria County, Texas.



O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez



Opinion by Chief Justice Valdez


Katheryn Cann appeals a summary judgment granted in favor of appellee Royal Indemnity Company ("Royal"). Royal, the
workers' compensation carrier for Cann's employer, the Victoria Advocate (the "Advocate"), moved for summary judgment
on grounds that Cann worked for the Advocate as an independent contractor rather than an employee, and thus was not
entitled to workers' compensation benefits for injuries sustained on the job. On appeal, Cann asserts that: (1) there is a
question of fact regarding the status of her working relationship with the Victoria Advocate, and (2) the trial court
improperly granted the Advocate's motion for summary judgment. Both issues focus on Cann's status as an employee or
independent contractor. We reverse and remand.

Background



Cann worked as a newspaper delivery person for the Advocate. According to the summary judgment evidence, she
believed that the delivery route that she had been assigned was dangerous insofar as it required her to drive on the left side
of the road, repeatedly cross a busy highway, and make numerous stops. Cann alleges that she proposed an alternate route
for her deliveries, but the Advocate refused to allow her to change the details of her route. Thereafter, while making
deliveries on her route, Cann was involved in an automobile accident. Cann's vehicle was struck by an intoxicated driver
while she was stopped, as required by her delivery route, on the left side of the highway.

Cann brought suit against the Advocate for the injuries sustained in this accident. Cann premised her suit on grounds that
she was an independent contractor, and the Advocate owed her a common law duty to provide a safe place to work. The
trial court granted summary judgment in favor of the Advocate. The order granting summary judgment provides in part:

If Defendant, The Victoria Advocate, did have the right to control the details of the work performed by Plaintiff, Katheryn
Cann at the time of the incident in question, then Katheryn Cann . . . is an employee of The Victoria Advocate, and the
Texas Worker's Compensation Law precludes Plaintiffs' Katheryn Cann and Kenneth Cann [sic] lawsuit against The
Victoria Advocate.

If Defendant, The Victoria Advocate, did not have the right to control the details of the work performed by Plaintiff,
Katheryn Cann at the time of the incident in question, then the Defendant, The Victoria Advocate, is not liable to Plaintiffs'
Katheryn Cann and Kenneth Cann as a matter of law.

The order thus provides alternative bases for the trial court's ruling in favor of the Advocate. 

Cann then filed a workers' compensation claim which was denied on grounds that she was an independent contractor. Cann
pursued this claim through administrative procedures, and ultimately appealed this decision to the district court. In district
court, Royal, the workers' compensation carrier for the Advocate, filed a motion for summary judgment on the basis that
Cann was an independent contractor and therefore not entitled to workers' compensation benefits. The trial court granted
Royal's motion for summary judgment, and this appeal ensued. The pivotal question in this case is Cann's status as an
employee or an independent contractor. Cann's position on this issue has changed since inception of her original suit
against the Advocate. Cann originally alleged that she was an independent contractor, but currently alleges that she was an
employee of the Advocate.

Standard of Review

In a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law. American Tobacco Co., v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true. Id. Every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be
resolved in favor of the nonmovant. Id. When a defendant moves for summary judgment on its affirmative defense, it
must prove each element of its defense as a matter of law, leaving no issues of material fact. See, e.g., Gross v. Kahanek, 3
S.W.3d 518, 519 (Tex. 1999).

Applicable Law

An independent contractor is any person who, "in the pursuit of an independent business, undertakes to do a specific piece
of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its
details." Pitchfork Land & Cattle Co. v. King, 162 Tex. 331, 346 S.W.2d 598, 602-03 (1961); see Bennack Flying Serv.,
Inc. v. Balboa, 997 S.W.2d 748, 751 (Tex. App.-Corpus Christi 1999, writ dism'd w.o.j.). The test to determine whether a
worker is an employee or an independent contractor is whether the employer has the right to control the progress, details,
and methods of operations of the employee's work. Thompson v. Travelers Indemn. Co., 789 S.W.2d 277, 278 (Tex.
1990);Newspapers, Inc. v. Love, 380 S.W.2d 582, 585-90 (Tex. 1964). This test is commonly referred to as the "right of
control" test. See, e.g., Texas Workers Compensation Fund v. Del Ind., 35 S.W.3d 591, 595 (Tex. 2000). This same test
applies whether the claim arises at common law or under workers' compensation. Thompson, 789 S.W.2d at 278; Elder v.
Aetna Cas. & Sur. Co., 236 S.W.2d 611, 613 (Tex. 1951). 

The employer must control not merely the end sought to be accomplished, but also the means and details of its
accomplishment as well. Thompson, 789 S.W.2d at 278. Examples of the type of control normally exercised by an
employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular
aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of
accomplishing the end result. Id. The court analyzes five factors in determining the amount of control retained by the
employer: (1) the independent nature of the workman's business; (2) his obligation to furnish the necessary tools, supplies,
and materials to perform the job; (3) his right to control the progress of the work except ast to final results; (4) the time for
which he is employed; and (5) whether he is paid by time or by job. Pitchfork Land & Cattle Co., 346 S.W.2d at 603;Sugar
Land Properties, Inc. v. Becnel, 26 S.W.3d 113, 117 (Tex. App.-Houston [1st Dist.] 2000, no pet.); Bennack, 997 S.W.2d
at 751.

Analysis

Cann argues that the evidence shows that there is a controverted issue of fact regarding whether she served as an employee
or independent contractor for the Advocate. Cann concedes that there is evidence that she was hired as an independent
contractor and not an employee; however, she asserts that by refusing to allow Cann to vary her route, the Advocate exerted
control over the details of her work, and thus essentially converted Cann to an employee for purposes of the workers'
compensation statute. 

 The contract between Cann and the Advocate is styled an "Independent Carrier, Hauler, Newsstand and Vending Machine
Agreement." Although the record copy of this agreement is not signed by the parties, Cann does not dispute the
applicability of this agreement to her relationship with the Advocate. The agreement provides in part:

Whereas, Publisher requires the services of an Independent Carrier to deliver complete copies of The Victoria Advocate to
its customers, collect for said copies, to sell The Victoria Advocate to prospective customers, and to maintain and promote
professional customers [sic] relations with the Publisher's subscribers; and 

Whereas carrier warrants that it operates and [sic] independent business enterprise which is capable of providing, and
desires to provide, the aforementioned services to Publisher . . . 

The Carrier shall determine each day the number of newspapers required to service his delivery area . . .

Carrier agrees to pick up newspapers as soon as practicable and thereafter to accomplish delivery of the newspapers as soon
as possible, but not later than, under normal conditions 6:00 a.m. on weekdays and 6:00 a.m. on weekends or in any other
manner which is satisfactory to publisher's customers and in compliance with [carrier minimum performance standards] . . .
.

The agreement further discusses carrier minimum performance standards relating to market penetration and customer
complaints. Although the contract is not as explicit as the contracts referenced in Carter Publications, Inc. v. Davis, 68
S.W.2d 640 (Tex. Civ. App.--Waco 1934, writ ref'd), and Mid Continent Freight Lines, Inc. v. Carter Publications, Inc.,
336 S.W.2d 885 (Tex. Civ. App.--Fort Worth 1960, writ ref'd), the contract clearly intends to create an independent
contractor relationship. However, we may consider evidence outside the contract concerning whether the contract was
subterfuge or whether it had been abandoned in whole or part insofar as the right to control the details of the work is
concerned. Newspapers, Inc. , 380 S.W.2d at 591-92. 

 In response to Royal's motion for summary judgment, Cann produced, among other items, a transcription of an audiotape
giving her instructions on driving her route. The audiotape gives detailed instructions on when and where to pick up the
papers, where to begin the delivery route, which direction to travel, where to turn, and where to leave the newspapers for
the customers. The tape also specified which side of the road she was to drive on. Cann also produced portions of her
deposition testimony, in which she testified that she was instructed to follow the directions on the audiotape and was not
permitted to change the prescribed route. Royal did not raise objections to Cann's summary judgment evidence at the trial
level or on appeal. Cann's summary judgment evidence raises a fact issue regarding whether the Advocate had assumed the
right to control her work. 

Moreover, given the conflicting summary judgment evidence, Cann's status as an employee or independent contractor is a
question of fact rather than a question of law susceptible to resolution by summary judgment. When there is no dispute as
to the controlling facts and only one reasonable conclusion can be inferred, the issue of whether a person is an employee or
an independent contractor is a question of law. Sherard v. Smith, 778 S.W.2d 546, 548 (Tex. App.--Corpus Christi 1989,
writ denied); see Crow v. TRW, Inc., 893 S.W.2d 72, 78 (Tex. App.--Corpus Christi 1994, no writ). However, unless the
evidence is conclusive and reasonably susceptible to only one inference, the issue is one of fact. Dougherty v. Gifford, 826
S.W.2d 668, 678 (Tex. App.--Texarkana 1992, no writ). The deposition testimony of the Advocate employees and Cann
directly conflicts regarding whether Cann requested permission to change her route and whether Cann had the right to
change her route regardless of any instructions to the contrary. Therefore, this issue is not amenable to resolution by
summary judgment practice.

Because there is a question of fact regarding Cann's status as an employee or independent contractor, we sustain Cann's first
issue and reverse and remand this matter to the trial court. 

ROGELIO VALDEZ

Chief Justice

Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of August, 2001.