**LONE STAR CALIPER CO. d/b/a Lone Star Muscle Car, Appellant,**

v.

**TALTY WATER SUPPLY CORPORATION,**
**Appellee.**

**No. 05–02–00537–CV.**

Court of Appeals of Texas, Dallas.

Jan. 31, 2003.

Supplemental Opinion on Denial of Rehearing May 1, 2003.

Rehearing Overruled June 10, 2003.

Timothy W. Sorenson, Dallas, for appellant.

Patrick C. Patterson, E. Thomas Bishop, Alexander N. Beard, Bishop & Hummert, P.C., Dallas, for appellee.

Before Justices MOSELEY, LANG, and LAGARDE.[1]

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

## OPINION

Opinion By Justice LAGARDE.

Lone Star Caliper Co. ("Lone Star") appeals an order granting summary judgment in favor of Talty Water Supply Corporation ("Talty"). In two points of error, Lone Star asserts the trial court erred in granting summary judgment to Talty because (1) Talty was not entitled to governmental immunity and (2) Talty was not entitled to the benefits of the "filed tariff" doctrine. We sustain Lone Star's points of error, reverse the summary judgment, and remand this case to the trial court for further proceedings.

### Background

In April 1999, Lone Star occupied a building located at 12057 South Profit Row, Forney, Texas (the "Building"). On or about April 2, 1999, a fire occurred at the Building. Upon arrival of the volunteer fire department, it was discovered that a fire hydrant that was supposed to have been located next to the Building was missing and there was no water in a second adjacent hydrant. The Building was damaged by the fire, and the property of Lone Star was significantly damaged or destroyed.

At the time of the fire, Talty was a member-owned, non-profit water supply corporation and was the exclusive provider of potable water and water systems, including those used for fire protection, within its area of service. It operated under a certificate of convenience and necessity issued by the Texas Natural Resource Conservation Commission for its service area. The Building was located within Talty's area of service.

■ After the fire, Lone Star sued various defendants, including Talty. Its claims against Talty were based in negligence. Talty filed a summary judgment motion on the grounds of governmental immunity and the "filed tariff" doctrine.[2] The trial court granted Talty's summary judgment motion without specifying the grounds. After the remaining defendants were non-suited and the judgment became final, this appeal ensued.

### Summary Judgment

The standards for reviewing summary judgments are well established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who conclusively proves all elements of an affirmative defense as a matter of law such that there is no genuine issue of material fact is entitled to summary judgment. *Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex.1999); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996) (per curiam). Only after the defendant-movant produces evidence entitling it to summary judgment does the burden shift to the nonmovant to present evidence creating a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). We take all evidence favorable to the nonmovant as true and indulge every reasonable inference in the nonmovant's favor. *Id.* When the trial court grants a summary judgment motion without specifying the grounds, the summary judgment will be upheld if any theory advanced is meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995).

### Immunity

■ In its first point of error, Lone Star asserts the trial court erred in granting summary judgment on immunity grounds because Talty was not entitled to governmental immunity. Talty argued in its summary judgment motion it was entitled to judgment as a matter of law because it was immune to liability pursuant to the provisions of the Texas Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–109. (Vernon's 1997 & Supp. 2003). As a defendant-movant, Talty was required to conclusively establish every element of this affirmative defense as a matter of law.

■ Governmental immunity applies to entities or agents of the government. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999); *Reynosa v. Univ. of Tex. Health Sci. Ctr.*, 57 S.W.3d 442, 444 (Tex.App.-San Antonio 2001, pet. denied); *Mogayzel v. Tex. Dep't of Transp.*, 66 S.W.3d 459, 463 (Tex.App.-Fort Worth 2001, no pet.). Talty is a member-owned, non-profit water supply corporation. It is not an entity of the federal, state, or local government. Notwithstanding, Talty argues it is entitled to immunity pursuant to section 67.0105 of the Texas Water Code. This section provides:

(a) A corporation may enter into a contract with a municipality or a volunteer fire department to supply water either to municipally owned fire hydrants or to corporation fire hydrants for use in fire suppression by

---

2. In its brief on appeal, Talty attempts to support its summary judgment on the ground that it owed no legal duty to Lone Star. Summary judgment grounds not presented to the trial court shall not be considered on appeal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979); Tex.R. Civ. P. 166a(c).

the municipality's fire department or a volunteer fire department. The contract must be under terms that are mutually beneficial to the contracting parties.

(b) The furnishing of a water supply and fire hydrant equipment by a municipality or a volunteer fire department directly or through another entity by a lease, contract, or any other manner is an essential governmental function and not a proprietary function for all purposes, including the application of Chapter 101, Civil Practice and Remedies Code.

(c) A corporation that contracts with a municipality or volunteer fire department to provide a water supply or fire hydrant equipment may be liable for damages only to the extent that the municipality or volunteer fire department would be liable if the municipality or volunteer fire department were performing the governmental function directly.

TEX. WATER CODE ANN. § 67.0105 (Vernon's Supp.2003). This provision provides immunity to water service corporations that contract with a municipality or volunteer fire department to perform the governmental function of providing a water supply or fire hydrant equipment in the stead of the municipality or volunteer fire department. After making such a contract, the water service corporation is entitled to the same immunity to which the municipality or volunteer fire department would be entitled in the event of a lawsuit arising out of the provision of the water supply or the fire hydrant equipment. Talty argues this section grants it immunity from suit in this case. However, in order to be entitled to immunity under this provision of the water code, Talty must first establish that it contracted with a municipality or volunteer fire department to provide a water supply or fire hydrant equipment. Talty failed to introduce any summary judgment evidence of such a contract and, thus, failed to establish it was entitled to judgment on this affirmative defense as a matter of law. We sustain Lone Star's point of error number one.

### Filed Tariff Doctrine

In its second point of error, Lone Star asserts the trial court erred in granting summary judgment to Talty because Talty was not entitled to the benefits of the "filed tariff" doctrine. The "filed rate" or "filed tariff" doctrine applies when state law creates a state agency and a statutory scheme under which the agency determines reasonable rates for the service provided. *See S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 216–217 (Tex.2002). A tariff filed with and approved by an administrative agency under a statutory scheme is presumed reasonable unless a litigant proves otherwise. Thus, under the doctrine, filed tariffs govern a utility's relationship with its customers and have the force and effect of law until suspended or set aside. *Id.* Regulated utilities cannot vary a tariff's terms with individual customers, discriminate in providing services, or charge rates other than those properly filed with the appropriate regulatory authority. And a utility's obligations to its customers cannot exceed its duties under a filed tariff. Also, aggrieved customers cannot enforce alleged rights that contradict the tariff's provisions. *Id.* Consequently, the filed rate or filed tariff doctrine prohibits a customer from suing a utility in contract or tort over issues that a publicly-filed tariff's terms govern. *See S.W. Elec. Power Co. v. Grant,* 73 S.W.3d at 216–217. In other words, both the utility *and its customers* are bound by the terms of the tariff.

In order to enforce the terms of the tariff against Lone Star, Talty must first

establish that Lone Star is one of its customers. This is an essential element of the affirmative defense. Talty failed to introduce summary judgment evidence establishing Lone Star was its customer at the time of the fire. Accordingly, it failed to establish it was entitled to judgment as a matter of law and the trial court erred in granting its motion for summary judgment.

Talty argues Lone Star is bound by the terms of its tariff, not because Lone Star is a customer of Talty, but because of the lease between Lone Star and the owner of the property. This argument lacks merit. The tariff states, in relevant part:

7. OWNERS AND RENTERS. Any Talty Water Supply Corporation Member renting or leasing property to other parties are responsible for all charges due the Corporation in the event a renter or lessee leaves the Corporation with any unpaid bills. The Corporation will bill the renter or lessee for utility service as a third party, but the Member is fully responsible for any and all unpaid bills left by the renter/lessee. The owner shall be required to sign an Alternate Billing Agreement, and must refer tenant or lessee to TWSC office for renter's application and payment of appropriate deposit.

This provision of the tariff clearly contemplates and requires a relationship between Talty and the renter separate from the owner of the property. Talty is bound by its tariff and cannot vary its terms with individual customers. *See S.W. Elec. Power Co. v. Grant,* 73 S.W.3d at 217.

We sustain Lone Star's second point of error.

### Cost of Service Provided

Even had Talty established that Lone Star was a customer of Talty, it still would not have been entitled to summary judgment that Lone Star take nothing on its claim. Section B, subsection 6 of the Tariff provides, in relevant part:

6. DAMAGE LIABILITY. The TWSC is not liable for damages caused by service interruptions, events beyond its control, and for normal system failures. The limit of liability of the TWSC is the extent of the cost of service provided. By acceptance of Membership, Member consents to waiver of such liability.

This provision limits Talty's liability to the cost of service provided. It does not eliminate Talty's liability entirely. In order to be entitled to a summary judgment that Lone Star recover no damages, Talty must first establish there was no cost of service. Talty failed to introduce any summary judgment evidence establishing there was no cost of service. Accordingly, Talty was not entitled to judgment as a matter of law and the trial court erred in granting a motion for summary judgment that Lone Star recover nothing from Talty.

We reverse the judgment of the trial court and remand the case for further proceedings.

### SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

On January 31, 2003, this court issued our opinion in this case reversing a summary judgment granted in favor of Talty Water Supply Corporation ("Talty") against Lone Star Caliper Co. ("Lone Star") and remanding the case to the trial court. Talty filed its Motion for Rehearing on February 28, 2003. We issue this supplemental opinion on motion for rehearing in order to clarify our earlier opinion. We deny Talty's motion for rehearing.

### Filed Tariff Doctrine

Talty argues in its motion for rehearing that this court erred in concluding that

Talty was not entitled to the benefit of the "filed tariff" doctrine in connection with Lone Star's claim. The filed rate or filed tariff doctrine prohibits *a customer* from suing a utility in contract or tort over issues governed by the terms of a publicly-filed tariff. *See S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 216–217 (Tex.2002). In our original opinion, we concluded, based on the record presented for our review, that Talty failed to introduce competent summary judgment evidence establishing that Lone Star was a customer of Talty. We did not hold, directly or indirectly, that tenants such as Lone Star cannot be customers of utilities. Lone Star's customer status is an essential element of Talty's claim. Because Talty failed to introduce competent summary judgment evidence of this essential element, it failed to establish its entitlement to judgment as a matter of law; consequently, the trial court erred in granting Talty's motion for summary judgment.

### Cost of Service

Talty further argues this court erred in holding that, even if the tariff applied, Lone Star was entitled to its "cost of service provided." Talty argues that, because Lone Star never asked in any of its pleadings for a refund of the "cost of service provided," and it never urged on appeal that Talty's summary judgment was deficient because of a lack of proof concerning the cost of [a free] service, the trial court's summary judgment cannot be reversed on these grounds. However, the tariff and its limitation of liability is an affirmative defense. When a defendant moves for summary judgment on an affirmative defense, it must prove each element of the defense as a matter of law, leaving no issues of material fact. *See Gross v. Kahanek,* 3 S.W.3d 518, 520 (Tex.1999). Even had Talty established that the provisions of the

tariff applied to Lone Star, this would not result in no liability unless Talty also established there was no cost of service provided to Lone Star. The fact that Lone Star did not plead for a recovery of the cost of the services is inconsequential. Lone Star sought recovery of the full amount of the damages it suffered in the fire. On summary judgment, it was Talty's burden to prove its affirmative defense that the tariff and its limitation of liability applied. Because Talty failed to introduce competent summary judgment evidence establishing there was no cost of service, an issue of material fact remains and the summary judgment that Lone Star recover nothing cannot stand.

### Negligence

Talty also argues this court erred in ruling that Talty's "no legal duty to Lone Star" argument was never presented to the trial court. Talty argues that because this issue was raised in its Motion for Summary Judgment, presented to the trial court at the summary judgment hearing, and addressed in two supplemental letter briefs, the issue was properly before the trial court and supports its summary judgment against Lone Star. This argument is without merit.

On February 16, 2001, Talty filed its motion for summary judgment specifically contending that "Talty WSC has no fire protection responsibilities to either the plaintiff or Glen Whaley". However, in its amended motion for summary judgment filed on or about June 6, 2001, the only grounds asserted for summary judgment were governmental immunity and the filed tariff. The lack of a legal duty was not asserted as a ground for summary judgment. "An amended pleading supercedes and supplants all previous pleadings." *Johnson v. Coca–Cola Co.,* 727 S.W.2d 756, 758 (Tex.App.-Dallas 1987, writ ref'd n.r.e.); *see also Drake Ins. Co. v. King,*

606 S.W.2d 812, 817 (Tex.1980); Tex.R. Civ. P. 65. The amended motion for summary judgment superceded and supplanted the original motion for summary judgment.

 The fact that the issue of duty was raised by supplemental briefs filed at the request of the trial court did not raise this as a ground for summary judgment. "A motion for summary judgment must stand or fall on the grounds expressly presented in the motion. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). Because Talty failed to raise the lack of a legal duty owed to Lone Star as a ground for judgment in its amended motion for summary judgment, it cannot be considered on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979); Tex.R. Civ. P. 166a(c).

We deny Talty's motion for rehearing.