ACCEPTED
04-14-00803-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/23/2015 2:17:23 PM
KEITH HOTTLE
CLERK

<u>**ORAL ARGUMENT REQUESTED**</u>

**NO. 04-14-00803-CV**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

03/23/2015 2:17:23 PM

KEITH E. HOTTLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,**
**Appellants**

**v.**

**GABRIELA LOPEZ,**
**Appellee.**

**On Appeal from the 341st District Court**
**Webb County, Texas, Cause No. 2013CVT 000841-D3**
**(Hon. Beckie Palomo)**

**REPLY BRIEF OF APPELLANTS**

Respectfully submitted,

**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**R. BRENT COOPER**
brent.cooper@cooperscully.com
Texas Bar No. 04783250
**KYLE M. BURKE**
kyle.burke@cooperscully.com
Texas Bar No. 24073089

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL: (214) 712-9500
FAX: (214) 712-9540

**COUNSEL FOR APPELLANTS**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS..........................................................................................i

TABLE OF AUTHORITIES ...............................................................................ii

ARGUMENT AND AUTHORITIES IN REPLY ....................................................1

I.     Section 74.251(a) Is a Constitutionally Permissible Exercise of the Legislature's Police Power...............................................................................1

II.    Even if Sections 16.001 and 16.003 Apply, Appellee's Claims Are Barred by Limitations ....................................................................................6

CONCLUSION AND PRAYER.........................................................................9

CERTIFICATE OF COMPLIANCE ..................................................................12

CERTIFICATE OF SERVICE...........................................................................13

i

# TABLE OF AUTHORITIES

**Case**                                                                  **Page(s)**

*Adams v. Gottwald*,
179 S.W.3d 101 (Tex. App.—San Antonio 2005, pet. denied) ........................... 5

*Brown v. Shwarts*,
968 S.W.2d 331 (Tex. 1998) .............................................................................. 7

*Gross v. Kahanek*,
3 S.W.3d 518 (Tex. 1999) .................................................................................. 7

*Lebohm v. City of Galveston*,
154 Tex. 192, 275 S.W.2d 951 (1955) ............................................................3, 5

*Medina v. Lopez-Roman*,
49 S.W.3d 393 (Tex. App.—Austin 2000, pet. denied) ...................................... 8

*Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*,
307 S.W.3d 283 (Tex. 2010) ..........................................................................2, 3, 5

*Sax v. Votteler*
648 S.W.2d 661 (Tex. 1983) ...........................................................................1, 4

*Shah v. Moss*,
67 S.W.3d 836 (Tex. 2001) ................................................................................ 7

*Tenet Hosps. Ltd. v. Rivera*,
445 S.W.3d 698 (Tex. 2014) .............................................................................. 5

*Weiner v. Wasson*,
900 S.W.2d 316 (Tex. 1995) ........................................................................ 1-6, 9

**Statutes**                                                                   **Page(s)**

TEX. CIV. PRAC. & REM. CODE § 74.051(a) ............................................................... 6

TEX. CIV. PRAC. & REM. CODE § 74.051(c) ...........................................................6, 7

TEX. CIV. PRAC. & REM. CODE § 74.251(a) ...........................................................1, 4

TEX. CIV. PRAC. & REM. CODE §16.001 ................................................................. 6

TEX. CIV. PRAC. & REM. CODE §16.003 ................................................. 6

**Other Authorities**                                                                    **Page(s)**

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01
    2003 Tex. Gen. Laws 847 .................................................................1, 2

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11,
    2003 Tex. Gen. Laws 847 ................................................................. 1-3

Michael S. Hull, et al., *House Bill 4 and Proposition 12: An Analysis with
    Legislative History*, 36 Tex. Tech. L. Rev. 1 (2005)............................. 3

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO, TEXAS

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G., ET AL.,**
**Appellants**

**v.**

**GABRIELA LOPEZ,**
**Appellee.**

**On Appeal from the 341st District Court**
**Webb County, Texas, Cause No. 2013CVT 000841-D3**
**(Hon. Beckie Palomo)**

## REPLY BRIEF OF APPELLANTS

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:**

Appellants Francisco Montalvo, M.D., F.A.C.O.G. ("Dr. Montalvo"), Winder N. Vasquez, M.D. ("Dr. Vasquez"), Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased ("Dr. Najera"), and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo ("DHL"), (collectively "Appellants") submit this Reply Brief of Appellants in accordance with Rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all local rules of this Court.

In Reply to the Amended Brief of Appellee,[1] Appellants respectfully represent as follows:[2]

---

[1]      Appellants will cite to their opening brief as "Br." and the Amended Brief of Appellee as "Resp."

[2]      Appellants stand on the arguments and legal authority presented in their primary brief. Thus, to the extent Appellants may not reply herein to a particular assertion or argument or citation by Appellee, such conduct should not be construed as acquiescence by Appellants in any of Appellee's arguments or waiver by Appellants of any argument made in their Brief of Appellants or in this Reply Brief.

<u>**ARGUMENT AND AUTHORITIES IN REPLY**</u>

**I.** <u>**Section 74.251(a) Is a Constitutionally Permissible Exercise of the Legislature's Police Power**</u>

In its effort to curb the medical malpractice insurance and health care availability crises that continued even after the passage of the Texas Medical Liability Insurance Improvement Act ("TMLIIA" or "article 4590i"), the Texas Legislature exercised its police power in 2003 by passing House Bill 4, sweeping tort reform that is now codified in part in Chapter 74. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01-10.11, 2003 Tex. Gen. Laws 847. It is against this backdrop, and the proper test for determining whether a statute violates the open courts provision of the constitution, that one must examine the constitutionality of the two-year limitations provision in section 74.251(a). *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a). As Appellants have previously explained, that provision has not been ruled unconstitutional by the Texas Supreme Court. (*See* Br. at 12-19).

Appellee asserts that *Weiner v. Wasson*[3] and *Sax v. Votteler*[4] compel that section 74.251(a) is unconstitutional. (Resp. at 4-10). But when reviewing the constitutionality of section 74.251(a), this Court must presume "that the Legislature has not acted unreasonably or arbitrarily . . . a mere difference of

---

[3]    900 S.W.2d 316 (Tex. 1995).

[4]    648 S.W.2d 661 (Tex. 1983).

opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 285 (Tex. 2010). Appellee bears the burden of showing the law is unconstitutional. *Id.*

The Legislature had the *Sax* and *Weiner* decisions before it in 2003 when it enacted section 74.251(a). *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847. When the Legislature enacted the statute, it articulated strong policy considerations underpinning that legislation. *See id.* § 10.11. This Court should not presume, because of the result in *Weiner*, that the newer statute is unconstitutional. Rather, it should apply the principles established in the proper test for the constitutionality of a statute when the Legislature has exercised its police power, and examine the newer statute and the rationale supporting its enactment, as applied to the facts of this case. Under the facts of this case, section 74.251(a) is constitutional. *See Weiner v. Wasson*, 900 S.W.2d 316, 322 (Tex. 1995) (Owen, J., dissenting).

In *Weiner* the court's decision gave undue and overriding emphasis to the nature and extent of the restriction of common-law causes of action. *Weiner*, 900 S.W.2d at 318-20.[5] The court concluded that the minor's cause of action had been

---

[5]  *See Rankin*, 307 S.W.3d at 287 (noting that the court cannot focus solely on the claimant's lost right to sue: "Open Courts analysis is not quite this myopic; focusing solely on Rankin's lost right to sue ignores the broader societal concerns that spurred the Legislature to act.").

---

totally abrogated and that no reasonable substitute had been provided, but the court concluded without discussion that former section 10.01(a) was not a reasonable exercise of the police power. *Id.*

But the Texas Supreme Court has more recently returned to the proper focus on whether the Legislature's act is a reasonable exercise of its police power in the interest of the general welfare. *See Rankin*, 307 S.W.3d at 286-292 (citing *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951, 955 (1955) (on rehearing)). The Legislature has the power to abrogate common-law causes of action altogether in the proper exercise of its police power. *Weiner*, 900 S.W.2d at 330.

The exercise of legislative power was constitutional here. The Legislature articulated its findings and the basic purposes of Chapter 74. (*See* Br. at 16-18 & n.7). In sum, the Legislature found that there is a medical malpractice crisis in this state which has had a material adverse effect on the cost and availability of health care; that there would be further reductions in the availability of health care in the future. (*Id.*).[6] Surely these findings meet the test of an "important" state interest

---

[6] It is important to note that the TMLIIA had not cured the problem. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847 ("the number of health care liability claims (frequency) has increased since 1995 inordinately"); Michael S. Hull, et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History*, 36 Tex. Tech. L. Rev. 1, 10-11 (2005) ("Medical malpractice premiums began to rise dramatically in 2000 and 2002, exacerbating an already existing crisis of access to health care in Texas.").

justifying the exercise of the Legislature's power. *Weiner*, 900 S.W.2d at 331 (Owen, J., dissenting).[7]

The remedy, limiting the time over which physicians and health care providers face liability, is directly related to the crisis identified by the Legislature and bears a real relationship to the articulated legislative goal of making health care more affordable, and above all available, for all Texans. (*Id.*). The Legislature reasonably concluded that reducing the potential of long-term liability would help to ease the strain on health care services. (*Id.*). Without section 74.251(a), a physician could be forced to defend a claim arising out of injuries incurred during childbirth long after the occurrence. (*Id.*); *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a). Taken in tandem with the Legislature's adoption of a higher threshold age at which limitations begins to run, the legislative findings support the constitutionality of this statute. *Weiner*, 900 S.W.2d at 331.

There is a demonstrable nexus between limiting the time in which suit for malpractice must be brought and the goals articulated by the Legislature, which include availability and affordability of adequate professional liability insurance and hence, the availability and affordability of health care services. *Id.* It is within the authority of the Legislature to make reasoned adjustments in the legal system. *Id.*

---

[7] And significantly, the statute at issue in *Sax* contained no such detailed findings. *Weiner*, 900 S.W.2d at 331 (Owen, J., dissenting); *see generally*, *Sax*, 648 S.W.2d 661.

This Court should apply the proper test found in *Rankin*,[8] *Rivera*,[9] *Lebohm*,[10] and Justice Owen's dissent in *Weiner*.[11] To do otherwise is to restrict the Legislature unduly in carrying out its obligations under our Constitution: to exercise its police power where necessary to "ameliorat[e] a rationally perceived social evil." *Weiner*, 900 S.W.2d 316, 326 (Owen, J., dissenting). The statute of limitations in section 74.251(a) is not arbitrary or unreasonable and thus, is a reasonable exercise of the police power in the interest of the general welfare must be sustained. *See Rankin*, 307 S.W.3d at 286.[12] Appellee has not met her burden to show that the statute is unconstitutional.[13]

Here, Appellee's treatment occurred no later than December 17, 2005, and she was not "under the age of 12 years" at that time. Under section 74.251(a),

---

[8]   *See Rankin*, 307 S.W.3d at 286-92.

[9]   *See Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 706 (Tex. 2014).

[10]   *See Lebohm*, 275 S.W.2d at 955.

[11]   *See Weiner*, 900 S.W.2d at 325-26.

[12]   For similar reasons, *Adams v. Gottwald*, 179 S.W.3d 101 (Tex. App.—San Antonio 2005, pet. denied) is not compelling. *Adams* relied on the misguided reasoning in *Sax* and *Weiner*. This Court should reevaluate *Adams*. And again, the Texas Supreme Court has not specifically addressed section 74.251(a) as applied to minors.

[13]   While Appellee contends that Appellants have not previously asserted that Appellee must demonstrate that section 74.251(a) is an unreasonable exercise of the Legislature's police power, Appellants previously asserted that Appellee had not proven that section 74.251(a) is unconstitutional under the open courts provision. (CR 421-22, 558-59, 580-81). Part of Appellee's burden in showing an open courts violation is showing that the statute is an unreasonable exercise of the police power in the interest of the general welfare. *See Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698 (Tex. 2014).

---

Appellee should have filed suit by December 17, 2007. But Appellee did not file suit until May 17, 2013, more than seven years after treatment. Appellee's suit is therefore barred by the two-year statute of limitations in section 74.251(a). This Court should reverse the trial court's order and render judgment that Appellee's claims are barred by the statute of limitations and that she take nothing on all claims against Appellants.

## II. Even if Sections 16.001 and 16.003 Apply, Appellee's Claims Are Barred by Limitations

Even if section 74.251(a) is unconstitutional as applied to Appellee, her suit was untimely because she is not entitled to tack on an additional 75-day tolling period by invoking the pre-suit notice provisions of Chapter 74.[14]

If Appellee's open courts challenge is successful, the statute of limitations and tolling provisions in sections 16.001 and 16.003[15] would likely apply and give Appellee until her twentieth birthday to file suit. *See Weiner*, 900 S.W.2d at 321. But even if Appellee had until her twentieth birthday to file suit, Appellee did not file suit until 67 days after her twentieth birthday. (*See* CR 26-27, 228). And if Appellee has chosen to rely on the limitations and tolling provisions of Chapter 16, she cannot supplement that law with additional tolling provisions of Chapter 74.

---

[14]  *See* TEX. CIV. PRAC. & REM. CODE §§ 74.051(a), (c).

[15]  TEX. CIV. PRAC. & REM. CODE §§ 16.001, 16.003.

Appellee contends that the tolling provision of section 74.051 is not limited to only claims falling within Chapter 74's limitation provision in section 74.251(a). (Resp. at 12-13). But Appellee cannot provide any legal support for that contention; no appellate court has directly addressed the issue.[16] And it is inconsistent for Appellee to argue that the 75-day tolling period granted by Chapter 74 applies in this case because that statute applies to the applicable statute of limitations as defined by Chapter 74, the same statute of limitations that Appellee argues is unconstitutional. (*See* 1 RR 41). And, the notice provision in section 74.051(c) states that "[n]otice given *as provided in this chapter* shall toll the applicable statute of limitations . . . ." TEX. CIV. PRAC. & REM. CODE § 74.051(c). The "chapter" referred to is Chapter 74, undermining Appellee's argument that the notice provision extends to Chapter 16.[17]

Appellee suggests that the purpose of the pre-suit notice provision (encouraging negotiations and settlement prior to suit) supports that she is entitled

---

[16] If Appellee asserted a health care liability claim arising out of the death of a minor, the minor's survival claim may be subject to the 75-day tolling period. *See, e.g., Gross v. Kahanek*, 3 S.W.3d 518, 520 (Tex. 1999) (interpreting former art. 4590i); *Brown v. Shwarts,* 968 S.W.2d 331, 334 (Tex. 1998) (same).

[17] Any suggestion that the legislative history of the tolling provision provides support for Appellee is unfounded. An exhaustive review of the legislative history of section 74.051 and its predecessor revealed no evidence that the Legislature used the phrase "applicable statute of limitations" to refer to statutes of limitations outside of the medical malpractice statute. Again, the phrase "applicable statute of limitations" likely refers to the fact that limitations is measured from one of three dates: (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization. TEX. CIV. PRAC. & REM. CODE § 74.251(a); *see Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).

---

to additional tolling of the statute of limitations. (Resp. at 13-15). But again, Appellee already had the benefit of a negotiation period of two years after her eighteenth birthday. She could have approached the Appellants with her claims well before her twentieth birthday and prompted negotiations. Yet, she chose to wait until just three days before her twentieth birthday to send letters. (CR 184-90, 287-94).[18]

None of the cases cited by Appellee held (or even addressed) that a minor who has benefitted from an open courts challenge may also invoke the pre-suit tolling provisions of Chapter 74 (or article 4590i) to toll the statute of limitations for an additional 75 days. (*See* Resp. at 15-16). But as Appellants have urged, the Austin Court of Appeals decision in *Medina v. Lopez-Roman*, 49 S.W.3d 393 (Tex. App.—Austin 2000, pet. denied) suggests that no such additional tolling is proper. (*See* Br. at 21-22).

Appellee attempts to undermine *Medina* by incorrectly claiming that the notice question was irrelevant to the court's opinion. (Resp. at 17-18). But Appellee overlooks that the court would not have had to consider whether the limitations deadline fell on the plaintiff's twentieth birthday if the notice provision had given him an extra 75 days to file suit. *Medina*, 49 S.W.3d at 398-99. And if,

---

[18] Contrary to Appellee's assertions, Appellants do not concede that the pre-suit notice letters and authorization forms meet statutory requirements, but have assumed so for purposes of the argument. (*See* Resp. at 17; Br. at 22).

as Appellee states, "the limitations period provided by the general tolling and limitations provisions of Texas Civil Practice and Remedies Code sections 16.001 and 16.003 apply to [her] claim," Appellee must be held to the tolling provisions in *those sections*, and not be allowed to mix-and-match beneficial limitations and tolling provisions from Chapters 16 and 74. (*See* Resp. at 16) (citing *Weiner*, 900 S.W.2d at 321). And Appellants' interpretation creates no "trap for the unwary" as Appellee urges, because if *Weiner* is so well-established as Appellee claims, then she knew that she had until her twentieth birthday to file suit and that no Texas court had made an extra 75-day allowance based on pre-suit notice.

Appellee already received seven years and three months after the treatment in question in which to engage in pre-suit negotiations and file suit. Appellee should not get the benefit of an additional 75 days tolling based on Chapter 74 when she has distanced herself from Chapter 74's limitation provisions and instead relied on Chapter 16. Consequently, if her open courts challenge is successful, she should have filed suit by her twentieth birthday. She did not, and her claims are barred by limitations.

## CONCLUSION AND PRAYER

This Court should reverse the trial court's order denying Appellants' motions for summary judgment. Appellee filed suit more than seven years after the medical treatment at issue in her claims. The two-year statute of limitations in section 74.251(a) bars Appellee's claims.

Appellee has not met her burden to show that the statute violates the open courts provision of the Texas Constitution. Rather, the statute was a reasonable exercise of the Legislature's police power to address the health care and medical malpractice insurance crises which had not been remedied by the TMLIIA.

But even if section 74.251(a) violates the open courts provision, giving Appellee until her twentieth birthday to file suit, she did not do so. Appellee filed suit more than two months after her twentieth birthday, rendering her suit untimely and barred by the limitations period in section 16.003 of the Texas Civil Practice and Remedies Code.

Appellee cannot tack on the pre-suit notice tolling provisions meant to toll the Chapter 74 limitations period to limitations periods governed by Chapter 16. At least one Texas appellate court opinion suggests that a minor making a successful open courts challenge does not get an additional 75-day tolling period. Appellee had two years after reaching majority in which to prepare her suit and engage in pre-suit negotiations, and has offered no reason why she could not have filed suit by her twentieth birthday.

Appellee's suit is barred by the statute of limitations. Thus, the trial court erred in denying Appellants' motions for summary judgment. This Court should reverse the trial court's order and render judgment that Appellee take nothing in all her claims against Appellants.

**THEREFORE**, Appellants Juan Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D. Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo respectfully pray this Court grant Appellants' issues on appeal, reverse that portion of the trial court's November 3, 2014 Amended Order denying Appellants' motions for summary judgment, and render judgment that Appellee take nothing in all claims against Appellants. Appellants also pray for all such other and further relief, whether general or special, at law and in equity, as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By:   /s/Diana L. Faust
     **DIANA L. FAUST**
     diana.faust@cooperscully.com
     State Bar No. 00793717
     **R. BRENT COOPER**
     brent.cooper@cooperscully.com
     State Bar No. 04783250
     **KYLE M. BURKE**
     kyle.burke@cooperscully.com
     State Bar No. 24073089

900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL:  (214) 712-9500
FAX:  (214) 712-9540

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellants was prepared using Microsoft Word 2003, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 2,708 words.


/s/ Diana L. Faust
**DIANA L. FAUST**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of this Reply Brief of Appellants upon all counsel of record as indicated below, on this the 23rd day of March, 2015, at the following address:

Mr. Darrell L. Keith                                                    **VIA EFILE**
dkeith@keithlaw.com
Keith Law Firm, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 76102
**Counsel for Appellee**

Mr. James Kevin Oncken                                          **VIA EFILE**
kevin@unolaw.com
Mr. Roger A. Berger
rberger@uzickoncken.com
Uzick & Oncken, P.C.
238 Westcott Street
Houston, Texas 77007
**Trial Counsel for Appellant**
**Juan Francisco Montalvo, M.D.**

Mr. Bruce E. Anderson                                            **VIA EFILE**
banderson@brinandbrin.com
Mr. James W. Veale, Jr.
jveale@brinandbrin.com
Mr. Loren L. Whyte
lwhyte@brinandbrin.com
Brin & Brin, P.C
6223 IH 10 West
San Antonio, Texas 78201
**Trial Counsel for Appellant**
**Winder N. Vasquez, M.D.**

Mr. W. Richard Wagner                                    **VIA EFILE**
rwagner@wagnercario.com
Mr. Peter Cario
pcario@wagnercario.com
Wagner Cario, L.L.P.
7718 Broadway, Suite 100
San Antonio, Texas 78209
Trial Counsel for Appellant
**Miguel E. Najera, J.D., Executor of**
**Estate of Miguel E. Najera, M.D., Deceased**

Mr. Steven M. Gonzalez                                   **VIA EFILE**
Mr. Edward J. Castillo
ecastillo@valleyfirm.com
Gonzalez Castillo, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503
**Trial Counsel for Appellant**
**Laredo Regional Medical Center, L.P.**
**d/b/a Doctors Hospital of Laredo**


                                   /s/Diana L. Faust
                                   **DIANA L. FAUST**

D/922983v3